TATE, Justice.
 

 The trial court awarded the plaintiff employee workmen’s compensation benefits for total and permanent disability. The court of appeal reversed. 247 So.2d 592 (La.App.3d Cir. 1971).
 

 We granted certiorari, 259 La. 75, 249 So.2d 209 (1971), because we entertained doubt that the court of appeal had followed our jurisprudence to the effect that an employee is considered totally disabled although he returns to work, if he must work in substantial pain as a result of an injury which aggravates a pre-existing condition.
 

 The facts show:
 

 The plaintiff Williams, 57, has been an industrial carpenter for 29 years. While at work for the defendant East near Lake Charles, a heavy plank fell and struck him across the shoulders when some scaffolding collapsed.
 

 The plaintiff returned to work for the defendant shortly after the accident. He remained in this employment for five months, but the evidence reveals he was still under medical treatment and performed less demanding duties. He asked for a medical release so he could go to work at a lighter job in Shreveport. After this job ended, he worked on other construction projects; but, as the trial court noted, these other jobs involved supervisory or other duties lighter in nature than those of the work at which the plaintiff sustained his accident.
 

 As both previous courts found, the industrial injury activated a previously asymptomatic arthritic condition in the neck. As a result, the plaintiff Williams suffers neck pain and limitation of neck motion due to such pain, after certain activities, such as looking down or looking up. The essential question is whether the pain is substantial enough to be considered disabling.
 

 
 *964
 
 This court has consistently held that an injured workman may be deemed totally disabled within the meaning of the compensation statute,, if, although he returns to work and performs the ordinary duties of the occupation in which injury, he does so only with substantial pain. Reed v. Calcasieu Paper Co., 233 La. 747, 98 So.2d 175 (1957); Bean v. Higgins, Inc., 230 La. 211, 88 So.2d 30 (1956); Brannon v. Zurich General Accident and Liability Ins. Co., 224 La. 161, 69 So.2d 1 (1953); Carlino v. United States Fidelity and Guaranty Co., 196 La. 400, 199 So. 228 (1940).
 

 Thus, as we held in an early case, “ ‘Competency’, accompanied by active pain, amounts to disability.” Stieffel v. Valentine Sugars, Inc., 188 La. 1091, 179 So. 6, 15 (1938). Whether the pain is substantial enough to be disabling is, of course, a question for the trier of fact. Ball v. American Marine Corp., 245 La. 515, 159 So.2d 138 (1963); Glidden v. Alexandria Concrete Co., 242 La. 626, 137 So.2d 894 (1962).
 

 See, for general discussion of the jurisprudence and of the humanitarian reasons for these holdings: Malone, Louisiana Workmen’s Compensation, Section 274 (1951; also 1964 pocket part).
 

 In addition to the medical evidence, the plaintiff Williams produced substantial lay testimony accepted by the trial court as preponderant. This evidence, mostly from co-employees at the job in which injured or at subsequent work, shows:
 

 Before the accident, Williams worked at the heavy duties of industrial carpentering without difficulty or complaint. After the accident, he performed lighter duties, and then only with complaints of pain. On and off work, he carries himself stiffly, and he turns his whole body (instead of only his neck) to look around. He did not do overhead work any more. Williams himself and his wife testified as to his present neck stiffness and complaints of pain in ordinary activities.
 

 The defendant’s opposing witnesses were mainly executive or clerical personnel who testified the plaintiff lost no time and that they observed no difficulty of his in working.
 

 In addition, however, the foreman and shop man for the defendant testified that Williams performed his regular duties when he returned to work. The defendant’s personnel admitted, however, that the plaintiff Williams was forced on at least several occasions to report to first aid due to complaints of pain at work.
 

 All of the plaintiff’s and defendant’s witnesses testified that carpentering involves heavy and strenuous duties. All conceded that these duties involve constant looking up and down, and that a carpenter with substantial restriction in neck motion cannot adequately and safely perform the duties of the occupation.
 

 
 *966
 
 Under the jurisprudence previously cited, and under the trial court’s well-founded appreciation of the facts, such court correctly held the plaintiff to be permanently and totally disabled within the meaning of our compensation act. He is no longer able to perform the regular duties of the occupation in which injured without substantial pain, a residual of his accident at work.
 

 The court of appeal restricted compensation benefits to the five months the plaintiff was under medical treatment before, at his request, he was discharged to go up to Shreveport for lighter work. In so doing, it relied upon the attending orthopedic physician’s estimate of only 5% permanent disability of the neck and of the opinion of this physician (Dr. Phillips) that the claimant could return to work as a carpenter.
 

 As to the first reason, the decisions previously cited note that a
 
 medical
 
 percentage estimate of partial disability is not determinative, when in fact under the
 
 legal
 
 test the employee is totally disabled. As to the second reason, Dr. Phillips testified that the claimant will, as a result of the accident, permanently suffer pain and restriction of neck motion following looking up or looking down over an extended period of time, and he further conceded he found an unexplained stiffness of the neck not present before the accident.
 

 In holding that nevertheless, Dr. Phillip’s testimony insufficiently proved continued disability, the court of appeal relied upon the doctor’s opinion that, despite the permanent neck disability resulting from the accident, the claimant should be able to perform the duties of carpentering with “some trouble, but I don’t believe it is going to be so much he is not going to be able to do his work.” Tr. 380.
 

 A medical witness may possess a peculiar competence to testify on questions of medical causation and of possible relation of symptoms to the medical injury. His opinion as to the degree of residual pain, or its legal consequences, is not necessarily as persuasive. 3 Larson, Workmen’s Compensation Law, Sections 79.50-79.54 (1971).
 

 Proof of disability arising by reason of subjective pain must of necessity depend to a great extent upon the trial court’s evaluation of the truthfulness of the claimant’s complaints in the light of the entire record of medical and lay testimony. Thus, a medical
 
 estimate
 
 of the degree of pain must be evaluated in the context of such entire record, and a medical opinion as to whether a permanent disability is partial or total must yield to the legal test thereof.
 

 See: The decisions previously cited, Gates v. Ashy Construction Co., 171 So.2d 742 (La.App.3d Cir. 1965), certiorari denied 247 La. 678, 173 So.2d 542 (1965), and the jurisprudence cited therein, and Malone, Louisiana Workmen’s Compensation Law, Section 286, pp. 372-73 (1951).
 

 
 *968
 
 We therefore find no error in the factual and legal determination by the trial court: The residual pain suffered by the claimant in his performance of the ordinary duties of the occupation in which injured is substantial enough to be totally disabling within the meaning of our compensation law.
 

 For the reasons assigned, we therefore reverse and annul the judgment of the court of appeal and reinstate the judgment of the trial court. The defendant is to pay all costs in this and the previous courts.
 

 Court of Appeal reversed, and trial court judgment reinstated.