LANDRY, Judge.
The sole issues presented by this appeal are whether plaintiff, Jarvis A. Griffin (Appellant), is entitled to Workmen’s Compensation benefits for total permanent disability or permanent partial disability because of injuries sustained in an accident which occurred during the scope and course of Appellant’s employment by defendant, E. C. Hochendel d/b/a Hochendel Consultants (Hochendel), the insured of defendant, Aetna Life & Casualty Insurance Company (Aetna), and penalties and attorney’s fees for Aetna’s alleged arbitrary discontinuance of compensation payments. The trial court awarded appellant compensation for partial permanent disability, and rendered judgment in Appellant’s favor for $20.63 weekly for 125 weeks, pursuant to LSA-R.S. 23:1221, and rejected Appellant’s claim for penalties and attorney’s fees. We reverse and award Appellant compensation for total permanent disability, but affirm the denial of Appellant’s claim for penalties and attorney’s fees.
Appellant, whose employment is that of driller in and about oil rigs, was 46 years of age when he injured his right foot in an accident which occurred late in the afternoon of April 22, 1970. The mishap occurred when Appellant fell as he was exiting from a job site change shack where employees changed their clothes upon commencing and leaving work. Appellant fell as he was stepping down from the shack onto an eighteen inch block used as a step. Upon leaving work, Appellant attempted to contact Hochendel’s company physician, Dr. Sidney Ford, General Practitioner, before Appellant returned home. Dr. Ford was out, however, and Appellant returned to Dr. Ford’s office the following morning. Dr. Ford X-rayed the injured member, found a fracture and placed Appellant’s right foot in a cast. After approximately 10 weeks of treatment by Dr. Ford, Appellant was referred to Dr. Claude Williams, Orthopedic Surgeon, because of Appellant’s continuous complaints of pain. Dr. Williams saw Appellant six times between July 30, and December 2, 1970, and on said latter date discharged Appellant as able to resume work. Thereafter Appellant was seen five times by Dr. Byron Unkauf between February 26, 1971, and June 12, 1971, on which latter date, Dr. Unkauf felt Appellant was still permanently and totally disabled.
Dr. Sidney Ford testified he saw Appellant initially on the morning of April 23, 1970. He noted Appellant’s right foot was slightly swollen. X-rays taken disclosed a fracture of the navicular bone of the patient’s ankle. Dr. Ford applied a short leg cast and put plaintiff on crutches. On May 25, 1970, Dr. Ford replaced the cast with a lighter and looser cast to alleviate the effects of persistent swelling. In all, Dr. Ford saw Appellant on 10 occasions, the last being July 6, 1970. In his final report to Aetna, dated July 15, 1970, Dr. Ford expressed the opinion plaintiff could then return to light work, but could not resume his occupation of driller within the foreseeable future because of the continued swelling of the injured ankle. Dr. Ford stated he had not seen Appellant since July 6, 1970. He concluded that Appellant suffered a permanent partial disability of 25% to the right foot. In Dr. Ford’s opinion, the continued swelling was the result of impaired circulation which condition could be corrected surgically, and would *476 in turn lessen Appellant’s degree of disability. Dr. Ford suggested that Appellant see an orthopedist because Appellant’s ankle continued to swell despite conservative treatment.
Dr. Claude Williams, Orthopedic Surgeon, saw Appellant on July 30, 1970, and five times thereafter on referral by Dr. Ford. Dr. Williams was unable to find the fracture on the X-rays taken by Dr. Ford the day following Appellant’s accident. He did note that the X-rays showed evidence of degenerative changes and an arthritic condition which antedated Appellant’s accident. On October 9, 1970, Dr. Williams recommended surgery to relieve Appellant’s pain, to which Appellant responded he did not wish an operation at that time. On December 2, 1970, Dr. Williams discharged plaintiff upon finding Appellant’s foot improved. On this occasion, he noted the swelling had subsided, that plaintiff could walk without a limp, and the affected area was no longer sore. At this time, Dr. Williams also felt that surgery was no longer necessary because of the improved condition of Appellant’s foot, and also because Appellant indicated he was not interested in surgery at that time. On Appellant’s last visit as a patient seeking treatment Dr. Williams advised Appellant to return for further treatment if necessary. He stated he did not see Appellant again after December 2, 1970. In Dr. Williams’ opinion, Appellant sustained a 25% partial permanent disability of the right foot, but was able to resume employment as a driller as of Appellant’s discharge on December 2, 1970. Dr. Williams examined plaintiff on June 23, 1971, the day of Dr. Williams’ deposition. Dr. Williams found some swelling of Appellant’s foot and noted that Appellant complained of pain and inability to work. He also noted plaintiff was still wearing corrective shoes. X-rays taken by Dr. Williams on this occasion showed little change from the condition noted the preceding December.
Appellant was seen by Dr. Byron Un-kauf, Orthopedic Specialist, on February 26, 1971. Dr. Unkauf testified that Appellant related a history of a fall which injured Appellant’s right foot. He noted that Appellant was walking with the aid of a cane, and complained of pain, and also complained that corrective shoes prescribed by Dr. Williams did not relieve Appellant’s distress. Physical examination revealed enlargement of the bones of the injured foot, soreness in the area of the injury, and some atrophy of the calf of the right leg due to disuse. Dr. Unkauf observed a reasonable range of movement in the ankle. X-rays convinced Dr. Unkauf of the need for surgery to ease Appellant’s pain. Dr. Unkauf noted that supports Appellant was wearing in his shoe were of little avail. On March 1, 1971, Dr. Unkauf observed tenderness and soreness in the affected foot, and noted that Appellant had not resumed work. Appellant returned to Dr. Unkauf on April 5, 1971, complaining of tenderness in the right foot; at this time Appellant indicated doubt concerning Appellant’s ability to ever resume employment as a driller. On May 12, 1971, Dr. Unkauf saw Appellant again. On this occasion Appellant complained of pain. Dr. Unkauf saw Appellant last on June 12, 1971, at which time Appellant complained of inability to walk without pain. Examination on this date showed the foot was still swollen to some degree. In Dr. Unkauf’s opinion, Appellant has sustained a 35% partial permanent disability of the foot which renders Appellant disabled to perform the work of a driller without significant pain. Dr. Unkauf also explained that surgery would not lessen Appellant’s disability because surgery would involve fusing of three joints to abate pain, but would decrease mobility of the injured member, thus leaving Appellant disabled to the same extent by virtue of decreased mobility instead of his present disability due to pain.
Under our Workmen’s Compensation Statute, an employee who is unable *477 to perform work of the same or similar character as that in which he was engaged at the time of injury is deemed totally and permanently disabled. Hughes v. Enloe, 214 La. 538, 38 So.2d 225.
Even though an employee sustains injuries resulting in the loss or loss of use of specific bodily members for which specifically scheduled payments are provided in our Workmen’s Compensation Statute, such loss or loss of use nevertheless entitles the injured employee to benefits for total permanent disability if the employee is unable, as a result thereof, to resume his former employment or work substantially similar thereto. Bean v. Higgins, Inc., 230 La. 211, 88 So.2d 30.
It is elementary that in a suit for Workmen’s Compensation benefits, the nature and extent of disability are issues of fact which must be determined in the light of the facts and circumstances of each individual case.
Equally well settled is the rule that a party claiming Workmen’s Compensation benefits must establish his alleged disability by a preponderance of evidence. LaFleur v. Travelers Insurance Company, La.App., 236 So.2d 251; Thornton v. Fidelity and Casualty Company of New York, La.App., 214 So.2d 192.
Also pertinent herein is the principle that decisions of the trial court on questions of fact will not be disturbed on appeal unless found to be manifestly erroneous. Clevinger v. Continental Ins. Co., La.App., 211 So.2d 718; Zimmerman v. United Machinery Corp., La.App., 208 So.2d 336.
We believe no useful purpose would be served by a detailed analysis of the various cases cited by Appellant and Appellees in support of their respective positions concerning whether or not Appellant’s foot injury has rendered Appellant totally and permanently disabled.
The trial court held in this instance that Appellant failed to carry the burden of establishing total permanent disability. We deem such a holding clearly contrary to the preponderance of evidence. In this regard, we note that Dr. Ford, who last saw Appellant on July 6, 1970, considered that as of July 15, 1970, Appellant, though partially recovered, was capable only of doing light work. The clear import of Dr. Ford’s testimony is that Appellant might subsequently require surgery to alleviate future complaints of pain. We likewise note that Dr. Ford was of the view that Appellant would probably be continued by his employer in a capacity requiring lighter duties. Also significant is the fact that Dr. Ford was not certain if and when Appellant might be capable of resuming his former duties, and that he referred Appellant to a specialist for treatment of the continued swelling which Dr. Ford could not account for and which did not respond to Dr. Ford’s conservative treatment.
We are considerably impressed by the testimony of Dr. Unkauf who saw Appellant on five occasions. His final diagnosis as of June 21, 1971, predicated in part on objective symptoms found, was that Appellant was then totally and permanently disabled and would remain so, even if surgery were performed on Appellant’s injured foot.
Dr. Williams’ testimony to the contrary does not constitute a preponderance of evidence.
We find no merit in Appellant’s contention that Aetna arbitrarily discontinued or refused to pay benefits due, thus rendering Aetna liable for penalties and attorney’s fees.
Aetna paid Appellant maximum weekly compensation of $49.00, following the accident until January 18, 1971. A tender of $5,000.00 in compromise settlement was made by Aetna on January 15, 1971, predicated upon four reports received from Dr. Williams, the last being dated December 2, 1970. Appellant replied to Aetna’s offer by filing suit on March 10, 1971. On March 16, 1971 (less than 60 days after maximum payments were discon *478 tinued, and after Appellant had filed suit), Aetna paid all compensation due for partial permanent disability from January 18, 1971, to March 16, 1971. Thereafter, Aetna has continued weekly payments for partial permanent disability. Under the circumstances, we do not find Aetna’s failure to continue maximum compensation benefits to be arbitrary or capricious. Carrington v. Consolidated Underwriters, 230 La. 939, 89 So.2d 399, and Spears v. Traders and General Insurance Company, La.App., 111 So.2d 197, where, under similar circumstances, penalties and attorney’s fees were disallowed.
From the testimony of Drs. Ford, Williams and Unkauf, we note the distinct probability that surgery will eventually be required to alleviate Appellant’s pain. With this in mind, we reserve Appellant’s right to recover from Appellees all medical costs and expense incident thereto.
It is ordered, adjudged and decreed that the judgment of the trial court rejecting Appellant’s demand for Workmen’s Compensation benefits for total permanent disability be and the same is hereby reversed, and judgment rendered herein in favor of Appellant, Jarvis A. Griffin, and against defendants, Hochendel and Aetna, in solido, for Workmen’s Compensation benefits for total permanent disability in the sum of $49.00 weekly during Appellant’s continued total disability, not exceeding 500 weeks, subject to a dollar for dollar credit of all compensation benefits previously paid, together with legal interest on all past due compensation from due date, until paid.
It is further ordered, adjudged and decreed that the rights of plaintiff, Jarvis A. Griffin, to recover of defendants, Hochen-del and Aetna, the cost of surgery required to fuse the bones of plaintiff’s right foot be reserved.
It is further ordered, adjudged and decreed that in all other respects the judgment of the trial court is affirmed; defendants, Hochendel and Aetna, to pay all costs m the trial and appellate courts.
Affirmed in part, reversed in part, amended and rendered.