BOUTALL, Judge.
This is an appeal from a judgment in favor of defendants, D. H. Holmes Company and Aetna Casualty & Surety Company, dismissing plaintiff’s workmen’s compensation suit claiming total disability benefits.
Plaintiff, Aura Valerio, was employed by D. H. Holmes Company as a seamstress. On May 1, 1970, while on her one-half hour lunch break, she was walking through the Men’s Department of the D. H. Holmes Canal Street Store when she fell upon her right shoulder. Plaintiff alleges that this fall caused her to become permanently disabled from performing her job as a seamstress. Defendant disputes her disability and questions whether plaintiff was within the course and scope of her employment when the fall occurred.
In determining whether plaintiff is totally disabled we must note that she complains of a problem with her right shoulder and neck. According to the testimony of Dr. Lynn Reid Hamilton, an orthopedic surgeon, the plaintiff suffers from calcific tendonitis in her right shoulder and also from cervical spondylosis. The record shows both conditions were in existence prior to the fall on May 1, 1970.
Dr. Hamilton’s testimony is to the effect that the tendonitis is caused by a gradual wearing of a tendon in plaintiff’s right shoulder. He states that it is a matter of just having lived a number of years, and that gradually, every time plaintiff moves her arm, she will wear the tendon to some degree, and eventually the worn out tendon will calcify. He further stated that there may be episodes that would cause her enough disability where she would be tempor rarily incapacitated from work, but would probably be able to resume work after the problem had been treated or spontaneously resolved.
Dr. Hamilton also stated that plaintiff’s disability from working is due mostly to the cervical spondylosis. According to Dr. Hamilton any occupation in which a person’s chin is required to be on the chest for a long period of time will usually trigger pain in the shoulder and this pain will radiate out from the cervical spine.
The testimony clearly shows that Dr. Hamilton could not state that plaintiff’s present complaints of pain in her shoulder are in any way related to her fall on May 1, 1970. He stated that due to plaintiff’s pre-existing condition, the complaints that she related to him could have appeared notwithstanding the fall.
The trial judge in his reasons for judgment stated that he was not impressed with the plaintiff’s testimony. Our jurisprudence has stated many times that great weight must be given to the lower court concerning the credibility of witnesses. See Zerangue v. Hardware Dealers Mutual Fire Ins. Co., 255 So.2d 227 (La.App. 1st Cir. 1971); Inabinet v. State Farm Mutual *331 Automobile Ins. Co., 234 So.2d 827 (La. App. 1st Cir., 1970).
Plaintiff returned to work about six weeks after the accident. She received $721.48 dollars in workmen’s compensation benefits and $496.34 dollars in medical expenses. After her return she worked in the same capacity as a seamstress for nearly ten months until she quit because of alleged further disability on or about April 12, 1971.
It is the court’s opinion that any disability suffered by the plaintiff is the result of the calcific tendonitis and cervical spondy-losis which are degenerative conditions that pre-existed the accident in question and can reasonably be expected to cause future pain. Plaintiff cites the case of Lum v. Employers Mutual Liability Insurance Company of Wisconsin, 216 So.2d 889 (La.App. 2d Cir., 1968). That case states the rule that an employee disabled by an accident is not to be denied compensation merely because he is already afflicted with a disease which in its ordinary course of progress might have caused a disability eventually without any accident and where the accident merely superinduced the disability. In the case at bar the plaintiff was out of work for six weeks after her fall and received workmen’s compensation for the time that she was absent. She then resumed her job and worked at it for ten months. To attribute the recurrence of pain ten months later to the plaintiff’s fall would be untenable in light of the evidence presented.
For the above reasons we find that the plaintiff is not entitled to workmen’s com.pensation benefits for total disability. Having so decided, it is unnecessary to take up the issue as to whether the plaintiff was within the course and scope of her employment at the time of the accident.
All costs shall be paid by plaintiff-appellant.
Affirmed.