312 So.2d 660 (1975)
Cornelius DUPARD, Jr.
v.
M & C CONSTRUCTION CO. and State Farm Fire & Casualty Insurance Company.
No. 6818.
Court of Appeal of Louisiana, Fourth Circuit.
May 15, 1975.
George W. Reese, New Orleans, for plaintiff-appellant.
Porteous, Toledano, Hainkel & Johnson, James L. Donovan, New Orleans, for defendants-appellees.
Before SCHOTT, MORIAL and BEER, JJ.
MORIAL, Judge.
Plaintiff appeals the dismissal of his suit for total and permanent disability under the Louisiana Workmen's Compensation Act. LSA-R.S. 23:1221 et seq. We affirm.
Plaintiff was injured on September 8, 1970 while employed as a carpenter by M & C Construction Company. A power saw he was using sprung from his hand and struck his upper abdomen inflicting a cut *661 eight inches long. Plaintiff was taken to the emergency room of Oschner Foundation Hospital. The cut was sutured with 54 stitches consisting of 36 inside the abdomen and chest and 18 outside. Following the suturing of his wound the plaintiff was released. He visited the Fisher-Rabin Medical Center where he was treated by Dr. Morris Fisher approximately 20 times during the period November 2, 1970 through April 3, 1971 when he was discharged as cured without any permanent injury. However, he was previously "* * * pronounced able to resume work as of 12/8/70." In the latter part of December 1970 or early in January 1971 plaintiff returned to work for M & C. He was later examined on April 28, 1971 and February 10, 1973 by a Dr. William Fisher who was not connected with the Fisher-Rabin Medical Center. At the time of trial of this case the plaintiff was in the employment of another employer for whom he had commenced working as a carpenter on or about February 22, 1971 at a higher rate of pay.
Plaintiff contends that he is working in substantial pain due to keloid formation of scar tissue around the healed cut. He testified that he has continuous pain and a burning sensation in the area surrounding the scar. In order to control the pain he takes three aspirins in the morning, several at noon and some in the evening.
Maurice Hillard a co-worker of plaintiff testified. He stated that on occasions he saw the plaintiff grab himself as if in pain. He further testified that he observed that at times the plaintiff could not lift certain things as plywood, or 2 × 6's or 2 × 8's.
While no doctors testified at trial, the reports of Dr. William Fisher who examined the plaintiff are in the record. Dr. Fisher's first report contains his opinion that "* * * The painful symptoms related to the scar formation appear to be satisfactorily controlled with a mild analgesic agent, narcotics agents are not required. * * *" In his second and final report Dr. Fisher opined, "* * * I believe the scar presents an amount of discomfort and it appears that the patient has the best answer at the moment, namely, taking medications for the relief of pain in the form of aspirin."
The essential question is whether plaintiff's pain is substantial enough to be considered disabling. Our jurisprudence has consistently held that an injured workman may be totally disabled within the meaning of the compensation statute, if, although he returns to work and performs the ordinary duties of the occupation in which injured, he does so only with substantial pain. Williams v. Hudson East, 261 La. 959, 261 So.2d 629 (1972); Reed v. Calcasieu Paper Company, 233 La. 747, 98 So.2d 175 (1957). However, a compensation claimant is not entitled to compensation benefits unless the pain is substantial enough to be disabling, in that it prevents him from carrying out some of the functions of his job, or it is so intense that it hinders him in the fulfillment of his duties, or the pain is severe enough that the performance of his work would be deleterious to his health. Solely because a compensation claimant suffers some residual pain and discomfort when he works following a work connected accident is not sufficient to hold him disabled. Glidden v. Alexandria Concrete Company, 242 La. 625, 137 So.2d 894 (1962); Perkins v. Southern Casualty Insurance Company, 262 So.2d 791 (La.App. 3 Cir. 1972).
Whether the pain is substantial enough to be disabling is, of course a question for the trier of fact. Williams v. Hudson East, supra; Ball v. American Marine Corporation, 245 La. 515, 159 So.2d 138 (1963).
Plaintiff, though a compensation claimant, like any other plaintiff, bears the burden of proving his claim by a preponderance of the evidence. Thornton v. Fidelity and Casualty Company of New York, 214 So.2d 192 (La.App. 4 Cir. 1968); Griffin v. Hochendel, 263 So.2d 474 (La. App. 1 Cir. 1972). For plaintiff here to be *662 entitled to the relief he seeks, he would have to establish that the injury had resulted in his having to work in substantial pain. Proof of disability arising by reason of subjective pain must of necessity depend to a great extent upon the trial courts evaluation of the truthfulness of the claimant's complaints in the light of the entire medical and lay testimony.
Considering the evidence, expert and lay, we conclude, as apparently the trial judge did, that the plaintiff has failed to sustain his burden of proving total and permanent disability. Plaintiff continues to work. There is no evidence in the record that his discomfort has any appreciable adverse affect on the performance and discharge of his duties as a carpenter or that he loses any time from his job due to pain from the injury he sustained, or that his pain is of such severity that the performance of his work is disadvantageous to his health. Further, plaintiff testified that with the exception of the two examinations by Dr. William Fisher, he saw no other physician, not even his family physician, for the pain of which he complains.
The judgment appealed from is affirmed.
Affirmed.