MILLER, Judge.
Plaintiff Anoncial Tarver appeals the dismissal of her workmen’s compensation claim against her employer defendant Gar-an, Inc. and its insurer. The trial court held she failed to establish a connection between the second degree burn and the hernia of old scar tissue which was repaired nine months later. We affirm.
Mrs. Tarver was 45 years old and classified as obese. At the time of the accident, she had two surgical scars resulting from surgeries — one about seventeen years before and the other about five years before. One surgical scar was in the area- (three inch by three inch) burned while Mrs. Tarver was working as a presser with a steam press. She reported the accident and was treated by Dr. Wilson Manceaux the same day. Dr. Manceaux diagnosed second degree burns and treated her from January 31, 1974, the date of the accident, until April 11, 1974 when he discharged her as able to return to work. Workmen’s compensation benefits and medical expenses were paid for that period.
Dr. Manceaux was not called to testify. His reports were offered in evidence in lieu of his testimony. These reports establish second degree burns which disabled Mrs. Tarver from January 31, 1974 until April 11, 1974 at which time Mrs. Tarver was returned to full duty as a presser. Mrs. Tarver did not return to work and has not worked since the accident.
On May 15, 1974, Mrs. Tarver consulted Dr. Alfred E. Harmon of Crowley. He concluded Mrs. Tarver had sustained “apparently minor burns to the abdomen.” He found her condition complicated by a superficial yeast infection present over her entire abdomen. Dr. Harmon’s report was addressed to Mrs. Tarver’s counsel and was introduced in evidence in lieu of his testimony.
Dr. Marion J. Trahan was the only physician to testify for Mrs. Tarver. On November 19, 1974, Dr. Trahan corrected an incisional hernia caused by fascia weakness of an old scar. Dr. Trahan first treated Mrs. Tarver on July 31, 1974. In his opinion she had suffered third degree burns and these burns aggravated the condition of the old scars and were responsible for the hernia he diagnosed. He admitted the hernia could be related to her obese condition and other factors.
Defendant had Mrs. Tarver examined by Dr. F. H. Davis, Sr., dermatologist of Lafayette, in October of 1974. He concluded she had suffered only second degree burns which were not related to her alleged weakness in the abdominal wall.
We fail to find manifest error in the trial court’s rejection of Dr. Trahan’s opinion that the January 31st accident aggravated her condition or was related to the condition he diagnosed and corrected.
Mrs. Tarver relies on Roberson v. Liberty Mutual Insurance Company, 316 So.2d 22 (La.App. 3 Cir. 1975) which acknowledged the presumption that disability results from an accident when the injured claimant was in good health before, but the disabling conditions appeared at the time of the accident and continuously manifested themselves afterwards. She argues the medical evidence establishes a reasonable possibility of causal connection between the accident and the disabling condition.
We distinguish Roberson. There the medical evidence showed a reasonable possibility of causal connection between the accident and the disabling condition. Here the evidence does not.
To establish a connection between the accident and the surgery, Dr. Trahan admitted it would have to be established that Mrs. Tarver suffered third degree burns. The doctors in the best position to determine whether she suffered second or third degree burns agreed she suffered second degree or minor burns and not third degree burns.
The trial court judgment is affirmed at appellant’s costs.
Affirmed.