MORIAL, Judge.
Plaintiff appeals from a judgment dismissing his suit for total and permanent disability pursuant to the Louisiana Workmen’s Compensation Act. LSA-R.S. 23:1221 et seq. We affirm.
Plaintiff was injured on January 15, 1974 while employed as a carpenter by William R. Price Builders, Inc. An electric saw fell on his right foot lacerating the tendons of his second, third and fourth toes, lacerating and severing the arterial supply to his fifth toe, fracturing the second and third metatarsal bones and fracturing the phalanx of the fourth and fifth toes.
Plaintiff was taken to East Jefferson Hospital and treated by Dr. John Weilbacher who surgically repaired the tendons and amputated the fifth toe. Plaintiff was placed in a short-leg cast for about six weeks. Subsequent visits showed the wound to be healing well. Dr. Weilbacher recommended the amputation of the fourth toe, which had lost all of its functions and was a source of discomfort to plaintiff. The operation was scheduled but was later postponed by plaintiff.
Dr. Weilbacher instructed plaintiff that he could return to light duty on April 29, 1974. Plaintiff attempted to work but was unable to continue after a few hours of work a day.
The defendant compensation insurer, Security Insurance Group, admitted that a work-related accident had occurred but denied that it- resulted in the permanent and total disability of plaintiff. Defendant had paid plaintiff $2,665.00 in benefits for partial disability.
It is agreed by both parties that plaintiff suffers from a congenital deformity of both feet called pes cavus. A person having this condition has high arches which causes more weight than usual to be placed on the metatarsal bones of the foot. This condition results in the development of calluses in those areas.
Dr. Weilbacher, an orthopedic surgeon and treating physician testified that he again saw plaintiff in December 1974 six *1179 months after he had discharged him. He stated that plaintiff had continued to complain of pain primarily on the bottom of his foot with 80% to 90% of the pain concentrated in the callus areas. The examination showed plaintiff had developed calluses on both feet. The doctor explained that the pes cavus deformity of plaintiff’s feet was developmental and had not been caused by the accidental trauma. He believed that the source of plaintiff’s pain was the plantar eallusitas which did not result from the work-related accident. He felt as a result of the accident plaintiff suffered a five percent permanent partial disability to his lower extremity and that he should be able to return to work.
Dr. Stewart Phillips, an orthopedic surgeon, first saw plaintiff on September 16, 1974. He was of the opinion that the plantar callusitis condition developed secondary to the injury and amputation. Dr. Phillips amputated plaintiff’s fourth toe in March 1975. He believed that the loss of the two smallest toes caused more weight to be placed on the metatarsal heads and this pressure was the source of the development of calluses. Dr. Phillips gave him a twenty percent disability to the foot and a ten percent disability to the leg. He suggested a specially fabricated shoe and a job that did not require one to stand over four hours a day.
Dr. Claude Williams, an orthopedist, saw plaintiff on October 18, 1974. The doctor found that the laceration over the distal (top) portion of plaintiff’s foot was well healed. He noted the pes cavus deformity and opined that the calluses were due to the deformity and were unrelated to the accidental injury. He gave plaintiff an eight to ten percent permanent, partial disability of the right foot as a result of the accident and stated that he could return to work as a carpenter.
Dr. Soboloff, an orthopedic surgeon, saw plaintiff on July 15, 1975. He believed plaintiff had resolved his difficulties with regard to the lacerations suffered in the saw accident. He attributed the calluses on plaintiff’s feet to his pes cavus condition alone. He testified that plaintiff was more likely to have a greater number of calluses on his right foot because he is right handed. He explained that a right handed person will usually lead off on his right foot thereby placing greater pressure on that side which results in the greater formation of calluses. He recommended a special heavy work shoe to alleviate the pes cavus problem and to enable plaintiff to return to work.
The only lay testimony presented was that of plaintiff and his brother for whom he worked.
Plaintiff testified that he had calluses prior to the accident but that they had not prevented him from working an eight or nine hour day. After the accident, plaintiff testified that he had attempted to work but was only able to perform for a half day because of the pain. He stated that his foot would begin to swell and he would be forced to remove his shoe.
Plaintiff’s brother testified that after the accident plaintiff attempted to work several times. He said he could work for a few hours a day but then his foot would become sore and he would have to discontinue working.
The trial judge found that plaintiff had failed to prove his case by a preponderance of the evidence. The court accepted the testimony of Drs. Weilbacher, Williams and Soboloff indicating that plaintiff was able to return to work as a carpenter if he wore corrective boots. He also relied on the medical testimony that the injury to the top portion of plaintiff’s foot was not the source of his pain.
The plaintiff argues on appeal that the trial court erred in not finding him totally and permanently disabled from resuming his former occupation without enduring substantial pain.
Plaintiff points out he was able to work eight to nine hours a day prior to the accident in spite of his pes cavus deformity. Following the accident he experienced severe pain which prevented him from working any more than four hours a day. Plain *1180 tiff points out that an employer may be liable for compensation benefits where a work-related accident aggravates a pre-ex-isting condition.
Plaintiff argues that Dr. Weilbacher and Dr. Phillips stated that the plantar callusitis over the fourth metatarsal head of plaintiff’s right foot was a direct result of the accident. He characterized both Dr. Williams and Dr. Phillips as treating physicians and argued that their testimony should be given greater weight.
Defendant points out that Dr. Weilbacher was of the opinion that the fourth toe was the cause of plaintiff’s pain. Dr. Weilbacher recommended amputation. However, even after plaintiff refused this operation the doctor opined that plaintiff could return to work as a carpenter.
Defendant relies on the testimony of three of the four doctors indicating that plaintiff could return to work. Defendant points out that Dr. Phillips testified originally that plaintiff had no calluses on the uninvolved left foot which was in contradiction to plaintiff’s own testimony as well as that of the other doctors. Defendant argues that the factual findings of the trial judge are entitled to great weight and must not be upset in the absence of manifest error.
The sole issue on appeal is whether or not plaintiff has proven by a preponderance of the evidence that his disability is causally connected to his work-related accident.
Plaintiff, though a compensation claimant, like any other plaintiff, bears the burden of proving his claim by a preponderance of the evidence. Dupard v. M & C Construction Co., 312 So.2d 660 (La.App. 4 Cir. 1975).
Upon a review of the evidence we find that plaintiff has failed to prove that his congenital deformity was aggravated by the accident, so as to render him permanently disabled. The medical testimony reflects that the laceration on the distal portion of plaintiff’s right foot was not responsible for the development of the plantar callusitis and the ensuing pain.
The trial judge accepted the above testimony as conclusive. Great weight must be given to the lower court findings concerning the credibility of witnesses. Valerio v. D. H. Holmes Company, 276 So.2d 329 (La.App. 4 Cir. 1973).
We must also accept the medical testimony to the effect that the injury did not aggravate the pre-existing condition in any way. We fail to find manifest error in the trial court’s rejection of Dr. Phillips opinion that the plantar callusitis was secondary to the injury. See Tarver v. Garan, Inc., 324 So.2d 473 (La.App. 3 Cir. 1975); Anderson v. Jefferson Mechanical Contractors, Inc., 301 So.2d 420 (La.App. 4 Cir. 1974); and Valerio v. D. H. Holmes Company, supra.
For the foregoing reasons, the judgment is affirmed.

AFFIRMED.