BOUTALL, Judge.
In this Workman’s Compensation suit defendant-employer appeals from a judgment finding plaintiff-employee is totally and permanently disabled, contending the law was improperly applied. We affirm.
Robert L. Booker was injured in an accident on June 17, 1971, while employed by the defendant Avondale Shipyards, Inc. as a painter’s helper. At the time of the accident plaintiff was climbing the side of a ship in order to assist in sandblasting operations. As a result of the premature opening of an air pressure valve by another employee, plaintiff fell 37 feet onto some scrap metal. He suffered facial injuries and severe damage to his left foot.
His initial total disability was apparent and defendant began paying compensation at the maximum rate of $49.00 per week from June 18, 1971 until February 6, 1979. At this time the defendant stopped paying compensation benefits because it learned that the plaintiff was working as a truck driver. Booker then filed this suit to recover workman’s compensation benefits from the date of stoppage to the statutory limits for a total permanent disability.
Under the Workman’s Compensation Law as it existed at the time of the accident, R.S. 23:1221(2) defined total permanent disability as “disability to do work of any reasonable character.” However, as the trial judge noted, the Statute had been judicially interpreted to mean that the worker is totally disabled if he is unable to perform work of the same or similar description that he is accustomed to perform. Futrell v. Hartford Accident and Indemnity Company, 276 So.2d 271 (La.1973); Lindsey v. Continental Casualty Company, 242 La. 694, 138 So.2d 543 (La.1962). The courts had further modified the meaning of the statutory definition by making a distinction between skilled workers and common laborers. Booker’s employment is that of a common laborer. The test applied to a common laborer is that he is “considered as totally and permanently disabled within the meaning of the compensation statute if the injury has substantially decreased his ability to compete with able-bodied workers in a flexible general labor market.” Walker v. Gaines v. Wilson & Son, Inc., 340 So.2d 985 (La.1976); Ball v. American Marine Corporation, 245 La. 515, 159 So.2d 183 (La.1964).
The appellant contends that the proper test is that a manual laborer is not totally disabled if he can return to any gainful employment; that this employee had returned to truck driving, an occupation he had pursued prior to employment at Avon-dale, and hence that plaintiff could no longer be considered totally and permanently disabled.
In his resolution of the case, the trial judge summarized the evidence and announced his findings of fact as follows:
“The treating physician, Dr. Lynn Reid Hamilton, did not testify at the trial: *86 However, his deposition was introduced into evidence. Dr. Hamilton treated plaintiff and saw him periodically from June 16,1971 to March 26,1979. Defendant received a copy of the doctor’s reports after each visit.
“According to the doctor’s deposition, as of March 26, 1976, plaintiff was not capable of doing heavy work and he could not do anything involving heavy lifting prolonged walking or standing, bending, stooping, or straining.
“Furthermore, plaintiff’s wife testified that plaintiff has to soak his foot each night because his foot swells up and that he often stumbles and falls.
“The evidence reflects that defendant stopped paying compensation benefits on February 6, 1979 when it learned that plaintiff was working as a truck driver for Deaton Trucking Co. However, the deposition of Dr. Hamilton shows that plaintiff’s medical condition had not changed appreciably at the time the benefits were terminated.
“This Court believes that plaintiff is totally and permanently disabled within the meaning of the Louisiana Workmen’s Compensation Law.
“Plaintiff testified that he is now driving a truck three days a week in order to support his family. However, both plaintiff and his wife testified that he still suffers pain in his left foot and that it swells up each day, requiring nightly soaking. Furthermore, Dr. Hamilton indicated that plaintiff does have a substantially deformed foot with substantial limitation of motion and that plaintiff’s complaints of pain would not be inconsistent with his findings.”
Our examination of the record convinces us that the trial judge is correct. The facts of this case are more than sufficient to fit plaintiff into the category of total and permanent disability as defined above. Additionally, the facts of this case prove that plaintiff is driving a truck only by suffering substantial pain in order to support his wife and eight children. Our courts have consistently held that an injured workman may be deemed totally disabled within the meaning of the compensation statute if, although he returns to work and performs the ordinary duties of the same occupation or similar occupation in which he was previously engaged, he does so only with substantial pain. Williams v. Hudson East, 261 La. 959, 261 So.2d 629 (1972); Reed v. Calcasieu Paper Co., 233 La. 747, 98 So.2d 175 (1957). Whether pain is substantial enough to be disabling is an issue to be decided by the trier of fact on the basis of the preponderance of the medical and lay evidence. Lucas v. Insurance Co. of North America, 342 So.2d 591 (La. 1977); Williams v. Hudson East, supra. The record proves that this plaintiff suffers from substantial, disabling pain, and he is adjudged totally and permanently disabled.
The only other issue in the case is plaintiff’s entitlement to penalties and attorney’s fees for stoppage of his compensation benefits. The trial court concluded that the termination of benefits was not arbitrary, capricious and without probable cause within the meaning of L.S.A.-R.S. 22:658 and consequently denied plaintiff’s request for penalties and attorney’s fees. We agree.
Although plaintiff was severely limited in his ability to do manual work of any reasonable character over the initial years of his injury, he had improved slowly to the point where the treating physician felt that he could do light work. The degree of pain that a person such as this plaintiff may suffer in using his leg is difficult to fix precisely by objective evidence, and may vary considerably from person to person. These two facts, coupled with the fact that plaintiff was operating a truck making runs between New Orleans and Birmingham and New Orleans and other southern cities, form a sufficient basis to support the trial judge’s finding, and we affirm.
The judgment appealed is affirmed at appellant’s cost.
AFFIRMED.