DOUCET, Judge.
Gary Adams, plaintiff-appellant, brought this suit against Stone and Webster Engineering, Inc., defendant-appellee, seeking workmen’s compensation benefits for a total and permanent disability. The trial court held that Mr. Adams’ disabilities were not work-related and therefore denied recovery. Mr. Adams perfected this appeal of the trial court’s judgment.
The appellant claims to suffer from two disabilities, an aggravation of a previous back condition and the disfigurement of his left foot. The original accident that caused the plaintiff’s foot injury was when he stepped on a wooden splinter while engaged in week-end recreational activities on May 3, 1982. After surgery shortly thereafter, to remove the splinter, the plaintiff resumed work as an ordinary carpenter. After working at several jobsites at the direction of his union, the plaintiff began work for the defendants at the Riverbend power facility in late August. The plaintiff worked four shifts of four days each in crews that assembled and disassembled scaffolds until he was laid off on September 14, 1982. Mr. Adams again underwent surgery on his left foot about a week after the lay off in order to relieve a recurrence of a severe infection in the foot. More wood was removed from the foot during the surgery, but the extensiveness of this operation resulted in the disabling disfigurement of Mr. Adams’ left foot. At about this time, Mr. Adams also claims to have begun suffering a recurrence of pain from a pre-existing back condition. Mr. Adams now claims that along with the disfigurement of his foot, he is also precluded from working because of severe pain in his lower back.
Mr. Adams filed for workmen’s compensation benefits on November 2, 1982 and *230 the matter was tried on April 27, 1983. At the trial Mr. Adams stated that his left foot was completely normal until he began working for Stone and Webster. On the third shift Mr. Adams claims to have begun experiencing severe burning in his left foot and on the second shift his back pain started. Mr. Adams contends that the task of constructing scaffolds was very strenuous and a radical departure from the relatively easy work he performed as a carpenter. He stated that it was the hardest and worst job that he ever had and that he thought this new work aggravated both the remaining wood in his foot causing a recurrence of the infection and a recurrence of his lower back ailment, the back injury. Mr. Adams stated that while serving in the Army in Vietnam in 1969, he injured a disc in his lower back and that corrective surgery was required in 1978 or 1979. He traces this history of back ailments as the condition aggravated by the strenuous work he did for the defendants. Mr. Smith said that he did not report his increasing pain to anyone for fear of being laid off nor did he relate his problems to any co-employees to any real degree.
The medical evidence at the trial consisted of the depositions of Dr. Joseph Gerard Patton, who was the treating physician, and on Dr. Joe Morgan, who is an orthopedic specialist testifying for the defense. Dr. Patton’s testimony was inconclusive. Although Dr. Patton said that the continuous stress on the foot that was incidental to the plaintiffs job could have precipitated the recurrence of the infection, he could not say with any certainty that that was the case. Dr. Morgan testified that the recurrence of the infection was inevitable because of remaining pieces of wood in the foot. During cross-examination, Dr. Morgan was steadfast in his opinion that the work activity did not accelerate Mr. Adams’ foot condition. Without assigning reasons, the trial court denied the plaintiff’s claim for workmen’s compensation benefits.
The appellant contends that the exceptional strain of constructing scaffolds caused the aggravation or at least the acceleration of the recurrence of two pre-ex-isting conditions. It is well settled that an accident which accelerates or aggravates a pre-existing condition is compensable even where the disability is not caused by a specific incident. Parks v. Insurance Company of North America, 340 So.2d 276 (La.1976). Therefore the fact that no specific accident caused the disability is of no consequence. But, in order to recover benefits, the plaintiff must still prove that his pre-existing conditions were accelerated or aggravated by his job by a preponderance of the evidence. Cadiere v. West Gibson Products Co., Inc., 364 So.2d 998 (La.1978); Stucky v. Home Insurance Co., 433 So.2d 776 (La.App. 3rd Cir.1983).
With respect to the foot disability, there is evidence to support the conclusion that the recurrence of the infection and the resulting disabling surgery was not work-related. Dr. Morgan was very sure in his testimony that the disabling infection was inevitable and after reviewing the facts of the case was equally sure that no activities related to the plaintiff’s employment precipitated or accelerated the infection. On the other hand the plaintiff’s medical evidence was inconclusive. Although, as the treating physician, Dr. Patton’s testimony should be given great weight, he was unable to state with any certainty that the plaintiff’s foot problems were related to his job and therefore contributes little to assisting the plaintiff meeting his burden of proof. This leaves only the claimant’s testimony to sustain this burden. The trial court resolved this issue in favor of the defendant and the record reveals no clear error in doing so. Therefore it will not be disturbed on appeal. Arceneaux v. Do-mingue, 365 So.2d 1330 (La.1978). The foot disability is non-compensable because the plaintiff did not prove by a preponderance of the evidence that it was aggravated by activities required by his job.
The appellant contends that his back disability alone justifies an award for a total and permanent disability. The only evidence on this issue is the plaintiff’s testimony. The appellant contends that the *231 trial court erred by not accepting as true his uncontradicted testimony. It is true that the testimony of a claimant alone may be sufficient to prove the occurrence of a work-related accident but such testimony must be supported by other circumstances appearing in the record as well as also being clear and convincing. Only then will the claimant’s testimony be accepted as true. Crochet v. American Tobacco Co., 407 So.2d 1330 (La.App. 3rd Cir.1981); West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979). Mr. Adams’ testimony is not supported by circumstances appearing on the record and on the contrary the circumstances presented by the testimony casts suspicion on his testimony. Mr. Adams testified that prior to his employment by the defendants he would occasionally suffer minor pain in his back while working until he was able to relieve the pain by engaging in a higher level of physical activity. But only while employed by the defendant did this remedy fail to work. Such an inconsistency casts suspicion on the plaintiff’s testimony. Furthermore, Mr. Adams never told anyone at work about his alleged back pain thereby casting more doubt on his claim that it arose out of his job. The testimony of Mr. Adams is also not clear or convincing. There is no detailed or plausible explanation offered why the particular work involved aggravated his particular back condition. In fact, Mr. Adams is vague in his description of the particular type of back trouble that he is afflicted with. In order to be clear and convincing Mr. Adams must furnish the trier of fact with a more detailed explanation of his present back condition and the reasons why it was aggravated by his employment. The trial court’s factual conclusion that the plaintiff’s back disability is not work-related is not clearly wrong and therefore will not be disturbed on appeal. Arceneaux, supra.
Workmen’s compensation benefits were properly denied. The trial court’s judgment is affirmed. Plaintiff-appellant is assessed with the costs of this appeal.
AFFIRMED.