| iSAUNDERS, Judge,
dissenting.
Our supreme court remanded this case to us so that we may apply the far more worker-friendly workers’ compensation laws in force at the time of the accident at issue in these proceedings. Having done so, I think *459 we must affirm the trial court: claimant is entitled to temporary total disability benefits under the “working-in-pain doctrine.”
The majority errs in failing to recognize that the workers’ compensation laws of this state have undergone tectonic shifts over the past decade. The majority fails to recognize the relevance of these shifts because it fails to look to the whole body of law in force at the time of Davis’ injury; had it done so, rather than to a single paragraph of statutory law, I am convinced that it too would have arrived at the conclusion advanced by this dissent.

_^^RRORS

In reaching a contrary conclusion, the majority repeats its prior mistake (1) by second-guessing the factfinder and (2) by ignoring the fact that it was not until 1989 that the “working-in-pain” and “odd-lot” doctrines were legislatively overruled.

Factual Error

Whether pain is substantial enough to be disabling is ordinarily not a medical question, but an issue to be decided by the trier of fact on the basis of the preponderance of the medical and lay evidence. Lucas v. Ins. Co. of North America, 342 So.2d 591 (La.1977), citing Tantillo v. Liberty Mutual Insurance Co., 315 So.2d 743 (La.1975); Williams v. Hudson East, 261 La. 959, 261 So.2d 629 (La.1972).
In this ease, claimant’s continuing pains have deprived him of the ability to participate in the labor force without substantial pain in his efforts to do so. This was the finding of the trial court. The majority believes it is in a better position to determine the extent of plaintiffs disabilities than the trier of fact who heard the evidence and observed the claimant’s difficulties firsthand.
I disagree, being of the opinion that the majority errs in second-guessing the finder of fact. Stobart v. State, Through Dept. of Transportation & Development, 617 So.2d 880, 882 (La.1993); Bruno v. Harbert Intern., Inc., 593 So.2d 357 (La.1992).

Legal Errors

The majority also errs in its application of the law to this case in three respects. First, it ignores changes in the law that have occurred over the past | adecade or so. Second, it zeroes in on the constancy of one statutory provision to the exclusion of an entire body of law. Third, it ignores legal presumptions that shift the burden to the employer to disprove that claimant’s injuries were work-related.
The net effect of these errors is that the majority denies claimant the full benefits the law requires he be given under the appropriate case.

Working-in-Pain Doctrine

The laws were more favorable to the worker’s claim for disability benefits at the time of Davis’ injury than it is today. The 1983 amendments to the state’s workers’ compensation scheme eliminated the element of working-in-pain from permanent total cases, and it would not be until after the date of this claim that the working-in-pain doctrine had been dismantled as to temporary total disability claims to which plaintiff Davis is entitled.
“In Thomas v. Elder Pallet and Lumber Sales, Inc., 493 So.2d 1267 (La.App. 3d Cir.1986), writ denied, 497 So.2d 312 (La.1986), we specifically held that the 1983 amendments to LSA-R.S. 23:1221(1) failed to exclude from temporary total disability, the application of odd-lot, sheltered employment, and working in pain. Under the doctrine of working in pain, if the claimant’s injuries are such that the performance of important functions of his old trade involves substantial pain and suffering, then he is deemed disabled. Johnson v. Monroe Pulpwood Co., Inc., 505 So.2d 862 (La.App. 2d Cir.1987).”
Charles v. Aetna Cas. and Sur. Co., 525 So.2d 1272, 1273-74 (La.App. 3d Cir.), writ denied, 531 So.2d 480 (La.1988).
As the supreme court noted in its prior reversal, the facts of this case must be reviewed in fight of the laws in force at the time of this accident. The law in force did not require a worker to work while in pain. The working-in-pain doctrine entitled the *460 worker to permanent total disability until 1988, and Uto temporary total disability benefits until later. This was the law at the time of this accident!
The majority here makes the same mistake which led to reversal in Futrell v. Hartford Accident and Indemnity Company, 276 So.2d 271, 273 (La.1973). There, in the context of an injury to a claimant’s right knee, the supreme court noted that while the statutory definition of permanent total disability was “disability to do work of any reasonable character,” in fact “the jurisprudential interpretation of that provision [was] far broader than the language used." Reversing this circuit, Justice Barham observed that Louisiana’s test for permanent total disability, unlike the rule applied in most other states, was that an injured employee was deemed totally and permanently disabled whenever he was unable to perform work of the same or similar description to that which he performed before the accident.
Brannon v. Zurich General Accident and Liability Ins. Co., 69 So.2d 1 (La.1953), one of the cases cited in Futrell, also touched on the issue presently before this court. In Brannon, as here, there was no question but that the worker’s injury, also to the knee, was permanent. The court of appeal, despite its finding as a fact that there were certain functions of his trade that plaintiff could not perform or could perform only with pain, declined to grant him permanent total disability, instead choosing to fix his disability at 30%. The supreme court reversed, relying on Knispel v. Gulf States Utilities Company, 174 La. 401, 141 So. 9 (1932) and Morgan v. American Bitumuls Company, 217 La. 968, 47 So.2d 739 (1950). This was because at the time of Brannon’s injury:
| s“The law [did] not expect, and it [did] not contemplate, that a worker, in order to make a living, must work in pain, or that he do so when it will materially increase not only the hazard to his own health and safety, but also to those of his fellow employees. This [was] the settled jurisprudence of all of the appellate courts of the state.”
(Emphasis added).
Brannon, supra, at 3. (Collecting eases). In accord, Walker v. Gaines P. Wilson and Son, Inc., 340 So.2d 985, 986-87 (La.1976).
Here, the majority looks to only two snippets of law and from them seeks to extrapolate the legislative intent of an entire Corpus Juris. Its doing so in this case deprives the claimant of his legal due. The humane laws then in force, I believe, entitle Davis, unable to carry his load as a driver or freight handler, to more than SEB. At the time Walker, Futrell, and Brannon were rendered— that is, at the time pertinent for fixing the law applicable to this case — a worker who was totally disabled for an indefinite period of time was entitled to permanent total disability benefits, not to the SEB limits arbitrarily imposed by the majority here.
As our supreme court noted in Williams, supra:
“This court has consistently held that an injured workman may be deemed totally disabled within the meaning of the compensation statute, if, although he returns to work and performs the ordinary duties of the occupation in which injur[ed], he does so only with substantial pain.” (Cites omitted).
“Thus, as we held in an early case, ‘Competency’, accompanied by active pain, amounts to disability.
Stieffel v. Valentine Sugars, Inc., 188 La. 1091, 179 So. 6, 15 (1938).”
Williams, supra, 261 So.2d at 630. In accord, Lattin v. Hica Corp., 395 So.2d 690, 693-94 (La.1981), which also noted that the odd-lot doctrine could also be applied to working-in-pain cases.
I (¾Causation Proven
The majority also errs in punishing claimant’s unsuccessful efforts to return to the workplace.
At the time of this claim, an accident that did not become immediately disabling, but rather permitted the worker to work sporadically before becoming disabled, was nonetheless compensable, provided (1) the accident caused a change in the employee’s physical condition which was disabling and (2) the residual condition from the accidental injury *461 substantially increased the possibility of recurrence of a disability. Bertrand v. Cole Operators Casualty Company, 221 So.2d 816, 827-28 (La.1969) (plaintiff entitled to recover although during intervening work episodes he exhibited no disabling symptoms, adequately met the extreme physical demands of employment, worked with specific medical approval and with employer’s full knowledge of dormant disease.) (Court of appeal reversed, trial court reinstated.) The disability did not have to be caused by a specific event, Parks v. Insurance Company of North America, 340 So.2d 276 (La.1976)[1]; plaintiff merely had to show by a preponderance of the evidence that his pre-existing conditions were accelerated or aggravated by his job. Adams v. Stone and Webster Engineering Corp., 457 So.2d 228, 230 (La.App. 3d Cir.1984), and cites therein.
17Where an accident causes a disability from which an employee would have recovered except for further disability produced by a separate, intervening cause, there is no liability to the employer beyond the disability produced by the job connected accident. But where there is no evidence of an intervening cause, it is presumed that the initial accident caused the disability. Haughton v. Fireman’s Fund American Ins. Companies, 355 So.2d 927, 929 (La.1978).
The effect of this presumption is to shift the burden of proof to the employer to prove the absence of a causal connection between the accident and the injury. Bruno v. Guaranty Bank & Trust Co., 617 So.2d 1351 (La.App. 3d Cir.1993). Here, the factfinder heard the evidence and concluded that the employer failed to rebut plaintiffs case. I would affirm this finding.

CONCLUSION

There was a time not long ago that this state’s laws of workers’ compensation were actually written in such a way that a worker injured in the course and scope of his employment was not forced to return prematurely and in pain to the unforgiving competition of the labor market. This case arose in that era.
The “working-in-pain” doctrine should apply here. Under this doctrine, plaintiffs disability remained fully compensable even if he returned to work and performed the duties, but with substantial pain. Lucas, supra, 342 So.2d at 594; citing Williams, supra.
For these reasons, I respectfully dissent.

. Under the “old” law applicable to this case, claims were compensable even when a worker's normal duties caused a physical breakdown, as the full consequences of a disabling accident are not always apparent when the injury occurs. Nelson v. Roadway Exp., Inc., 588 So.2d 350, 343 (La.1991). Birth defects rendered debilitating by a work-related accident too were compensable. Kelly v. City of New Orleans, 414 So.2d 770, 772 (La.1982), citing Cadiere v. West Gibson Products Co., Inc., 364 So.2d 998 (La.1978). In fact, the aggravation of a work-related injury was com-pensable, even if it occurred away from work. Id., citing Bolden v. Georgia Casualty and Surety Co., 363 So.2d 419 (La.1978); Stewart v. Hospitals Affiliates International, Inc. of Baton Rouge, 404 So.2d 944, 945 (La.1981).