473 So.2d 399 (1985)
Jack M. MITCHELL, et ux, Plaintiffs-Respondents,
v.
STATE FARM FIRE AND CASUALTY COMPANY, et al, Defendant-Relator.
No. 85-399.
Court of Appeal of Louisiana, Third Circuit.
August 2, 1985.
*400 Gist, Methvin, Hughes & Munsterman, Dewitt T. Methvin, Jr., Alexandria, for defendant-relator.
Thomas, Dunahoe & Gregory, Edwin Dunahoe, Natchitoches, Joe Payne Williams of Brittain & Williams, Natchitoches, for plaintiffs-respondents.
Before DOMENGEAUX, DOUCET and KNOLL, JJ.
DOUCET, Judge.
Jack Mitchell, plaintiff-appellee, instituted this action against State Farm Fire & Casualty Company, defendant-appellant, seeking to recover on a Homeowner's policy issued by State Farm to the plaintiff and in effect when the plaintiff's home was destroyed by fire. Also named in the petition in an alternative demand is the insurance agent's omission carrier, Home Assurance Company. After State Farm's unsuccessful attempt to have this case removed to Federal Court, plaintiff filed a Motion in Limine to exclude the policy application from evidence and to sever the principal demand from the alternate demand. The trial court granted these motions. We granted a writ of certiorari at State Farm's request in order to examine the propriety of the lower court's action. We affirm.
On January 7, 1983, a fire occurred which totally destroyed the plaintiffs' dwelling and all of its contents. The plaintiffs then filed a claim on their Homeowner's policy issued by State Farm which insured the dwelling and contents destroyed by the fire. State Farm denied the claim on the ground that the plaintiff misrepresented material facts on the policy application concerning prior fires and insurance policy cancellations. This lawsuit ensued in which the plaintiffs seek to recover on the Homeowner's policy issued by State Farm and in the alternative, the insurance agent's errors and ommissions carrier was named as a defendant because of the agent's negligent processing of the policy application. State Farm subsequently made an unsuccessful attempt to have the case removed to Federal Court. State Farm then raised the affirmative defense of material misrepresentation in the application in their answer. Plaintiffs then filed a Motion in Limine and a Motion to Sever. The Motion in Limine sought to have the policy application excluded from evidence as well as any reference whatsoever to the *401 plaintiffs' insurance problems of the past. The plaintiffs also sought to have the principal demand severed from the alternative demand because the policy application is crucial to their claim against Home Assurance Company. Both motions were granted whereupon State Farm made another unsuccessful attempt to remove the case to Federal Court. State Farm then applied to this court for a writ of certiorari, seeking the review of the trial court's decision. We granted the writ in order to examine the propriety of the lower court's decision to grant both the Motion in Limine and the Motion to Sever.
La.R.S. 22:618(A) reads as follows:
§ 618. Application as evidence
A. No application for the issuance of any insurance policy or contract shall be admissible in evidence in any action relative to such policy or contract, unless a correct copy of the application was attached to or otherwise made a part of the policy, or contract, when issued and delivered. This provision shall not apply to policies or contracts of industrial insurance subject to R.S. 22:213A(1) and 22:259(2).
It is uncontested that the policy application in this case was not attached or otherwise made a part of the Homeowner's Policy that was eventually issued by State Farm. Therefore, the policy application was properly excluded by the Motion to Limine. Furthermore, the jurisprudence interpreting this statute also supports the lower court's ruling which precludes State Farm from raising the issue of material misrepresentation. In Estate of Borer v. Louisiana Health Service, 398 So.2d 1124 (La.1981), the Louisiana Supreme Court stated the following:
False statements by the insured in the application for insurance vitiate the contract if they were made with the actual intent to deceive, or if such statements "materially affected either the acceptance of the risk or the hazard assumed by the insurer." R.S. 22:619(B). However, unless the application was attached to the policy when issued and delivered, the application does not become part of the contract, and therefore cannot be admitted into evidence in any action relative to such contract. R.S. 22:618(A). Thus, false statements by the insured in the application cannot be used in evidence if the application is not made part of the contract.
Accordingly, the trial court properly barred the insurer from using any evidence to establish misrepresentation on the application. It should be noted that the Estate of Borer case, supra, overruled an earlier decision entitled Smith v. North America Company, 306 So.2d 751 (La.1975) insofar as it held that all defenses involving misrepresentations and pre-existing conditions were precluded if the application was not part of the policy. In Estate of Borer, the Supreme Court stated that policy exclusions could still be raised as defenses but that any defense based upon ommissions or misrepresentations in the application were precluded unless the application was made part of the policy. Therefore, we are bound by the high court's interpretation and accordingly hold that in the instant case the lower court properly granted the Motion in Limine precluding the admission of any evidence relating to the policy application.
Because we hold that the policy application and any reference thereto was properly excluded, we hold that the severance of the alternative demand against Home Assurance Company from the principal demand against State Farm was justified. It would be unreasonable to expect a jury to understand the complications of both of the claims when the application is admissible in one and inadmissible in another. Accordingly, the lower court's decision to grant the Motion to Sever is affirmed.
For the foregoing reasons the rulings of the lower court are affirmed and the case is remanded to the lower court from proceedings not inconsistent with this opinion. Costs are to be borne by the defendant-appellant.
AFFIRMED.