SHORTESS, Judge,
dissenting in part.
I dissent from that portion of the majority opinion which affirms exclusion of the documentary evidence.
*213 The language of LSA-R.S. 22:618(A) is very explicit and provides that “no application for the issuance of any insurance policy or contract shall be admissible ...” (emphasis ours) unless a copy of the application is attached or made a part of the policy. Johnson v. Occidental Life Insurance Company, 368 So.2d 1032 (La.1979), cited by the majority, involved the inadmissibility of the application. I believe that the majority’s characterization of the documents collateral to the application as an “application package” improperly extends the very explicit language of LSA-R.S. 22:618(A).
In Estate of Borer v. Louisiana Health Services, 398 So.2d 1124 (La.1981), the Supreme Court held that, while failure to attach the application excludes the defense of misrepresentations in the application, where the policy itself provides a coverage exclusion (in Borer, for a preexisting condition), the defense based on the exclusion is not prohibited for failure to attach the application. The court, in so holding, distinguished the preexisting condition defense from the misrepresentation defense:
The so-called preexisting condition defense, unlike the misrepresentation defense is a question of contract interpretation. The availability of the defense is not dependent upon statements made by the insured in the application; the question is whether the policy excludes coverage for preexisting conditions. Thus, whether the application is attached to the policy is irrelevant when the defense is based on the preexisting defense exclusion.
Borer, 398 So.2d at 1126.
In the instant case, the failure of the insured bank to properly investigate the loan applicants’ credit worthiness, likewise, is not dependent upon statements made in the application. Moreover, the defense likely could have been proven by other documents, collateral to the application, which were also excluded; and, importantr ly, in terms of Borer’s holding with regard to exclusions provided by the policy, Guaranty’s obligation to undertake a credit review was imposed by the terms of Ideal Mutual’s indemnity bond, which provided:
6. Credit Review
The obligee will not seek coverage under any endorsement hereto unless it shall have first qualified the ability of the borrower principal to repay in accordance with surety’s policies respecting such qualification; provided, however, that any such qualification or review shall comply with all truth-in-lending and consumer financing laws, rules and regulations.
In my opinion the documents were admissible, should have been admitted, and would have changed the verdict because the proffered documents show a pattern of poor credit investigation practices, e.g., failing to verify the employment status of applicants and ignoring applicants’ credit histories.
I respectfully dissent.