529 So.2d 1324 (1988)
Keith GARDINER
v.
OLD HICKORY CASUALTY INSURANCE COMPANY and American Insurance Brokers, Inc.
No. 88-CA-146.
Court of Appeal of Louisiana, Fifth Circuit.
July 26, 1988.
*1325 Steven J. Koehler, Metairie, Ronald Favre, New Orleans, for defendants/appellants.
James H. Minge, New Orleans, for plaintiff/appellee.
Before BOWES, DUFRESNE and GOTHARD, JJ.
GOTHARD, Judge.
This suit arises from a claim against an automobile insurance policy, seeking payment under its collision coverage. From judgment in favor of the plaintiff/insured, the insurer has appealed.
Keith Gardiner had applied to Old Hickory Casualty Insurance Company for liability *1326 and collision insurance as owner and named insured, listing no additional drivers. A policy was issued and delivered to him without the application blank. On November 24, 1986, Gardiner's 23 year old son, who apparently lived at home, wrecked the automobile. The insurer denied payment on grounds that the son was not listed as a member of the household.
The matter was tried on stipulations which limited the issues to whether the application was a part of the insurance policy and, if so, whether the policy excluded collision coverage when the vehicle was operated by a 23 year old male who was not listed on the application.
The trial judge refused to admit the application into evidence and found in favor of the plaintiff. He awarded $7,865 for the loss of the automobile, $1,500 in attorney's fees, $1,000 in general damages including loss of use, under La.C.C. art. 1997 penalties of 10% of the amount not paid when due under La.R.S. 22:658, plus legal interest from date of demand.
The issues before this court are: 1) whether the trial court should have admitted the insurance application as part of the contract under La.R.S. 22:628; 2) if the application was part of the contract, whether the policy excluded coverage of the insured's son; 3) whether the award of penalties and attorney's fees was correct; and 4) whether the plaintiff was entitled to general damages.
Admissibility of the Application
The court denied admission of the application (but allowed the defendant to proffer it) on the basis of La.R.S. 22:618, which provides, in pertinent part:
A. No application for the issuance of any insurance policy or contract shall be admissible in evidence in any action relative to such policy or contract, unless a correct copy of the application was attached to or otherwise made a part of the policy, or contract, when issued and delivered....
In the case of Borer v. Louisiana Health Service, 398 So.2d 1124, 1126 (La.1981), the court interpreted R.S. 22:618 as follows:
... False statements by the insured in the application for insurance vitiate the contract if they were made with the actual intent to deceive, or if such statements "materially affected either the acceptance of the risk or the hazard assumed by the insurer." R.S. 22:619(B). However, unless the application was attached to the policy when issued and delivered, the application does not become part of the contract, and therefore cannot be admitted into evidence in any action relative to such contract. R.S. 22:618(A). Thus, false statements by the insured in the application cannot be used in evidence if the application is not made part of the contract.
Accord, Mitchell v. State Farm Fire and Cas. Co., 473 So.2d 399 (La.App. 3rd Cir. 1985), writ denied 477 So.2d 710 (La.1985).
The parties in the case before us stipulated that the application was not physically attached to the insurance policy when delivered. There is no evidence that a copy was delivered to the insured at any time. The appellant urges that La.R.S. 22:628 is applicable to the facts of this case and that the application was incorporated into the policy by reference. That statute, referred to as the Entire Contract Policy Statute, reads as follows:
No agreement in conflict with, modifying, or extending the coverage of any contract of insurance shall be valid unless it is in writing and physically made a part of the policy or other written evidence of insurance, or it is incorporated in the policy or other written evidence of insurance by specific reference to another policy or written evidence of insurance. This Section shall not apply to contracts as provided in Part XV of this Chapter.
The provisions of this Section shall apply where a policy or other written evidence of insurance is coupled by specific reference with another policy or written evidence of insurance in existence as of the effective date hereof or issued thereafter.

*1327 Any written agreement in conflict with, modifying, or extending the coverage of any contract of insurance shall be deemed to be physically made a part of a policy or other written evidence of insurance, within the meaning of this section, whenever such written agreement makes reference to such policy or evidence of insurance and is sent to the holder of such policy or evidence of insurance by United States mail, postage prepaid, at such holder's last known address as shown on such policy or evidence of insurance or is personally delivered to such holder.
The policy issued to Gardiner reads as follows, in section V (H):
H. DECLARATIONS
By acceptance of this policy, the insured named on the face sheet agrees that the statements on the face sheet or application are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance. In Witness Whereof, the company has caused this policy to be executed and attested, but this policy shall not be valid unless countersigned by a duly authorized representative of the company.
While La.R.S. 22:628 might be construed to include applications, or as the appellant argues, may be read in pari materia with R.S. 22:618, as yet we have found no case in which the court did so interpret the statute. We note further that both Borer v. Louisiana Health Service, supra, and Mitchell v. State Farm Fire and Cas. Co., supra, were decided after the amendments to the statute in 1977[1] and 1979,[2] which allowed incorporation by reference of agreements modifying or extending contracts of insurance. Even if it were determined that R.S. 22:618 was intended to include applications, that statute is inapplicable here. Paragraph three of the statute requires that the "written agreement" be "sent to the holder of such policy or evidence of insurance by United States mail,... or is personally delivered to such holder." The insurer did not attach to or include the application with the policy when delivered.
Accordingly, we hold that La.R.S. 22:618 applies and the trial judge's refusal to admit the application into evidence was correct. We need not consider the appellant's second issue, whether the policy with the application incorporated by reference excluded coverage of the insured's son.
Penalties and Attorney's Fees
The appellant argues that penalties and attorney's fees were not recoverable under R.S. 22:658,[3] as the insurer asserted a good faith defense to the claim.
A trial court's conclusion as to assessment of penalties and attorney's fees *1328 under La.R.S. 22:658 is in part a determination of fact and may not be disturbed in the absence of manifest error. Cameron State Bank v. American Emp. Ins. Co., 401 So.2d 1090 (La.App. 3rd Cir.1981), writ denied 409 So.2d 674 (La.1981). An insurer's refusal to pay is not arbitrary, capricious, or without probable cause where serious issues regarding the plaintiff's right to recovery are raised. Stewart v. Louisiana Farm Bur. Mut. Ins. Co., 420 So.2d 1217 (La.App. 3rd Cir.1982).
The appellant contends that a principle stated in Carney v. American Fire & Indem. Co., 371 So.2d 815 (La.1979), is applicable to the case at hand. The court said, at 819:
... An insurer must take the risk of misinterpreting its policy provisions. If it errs in interpreting its own insurance contract, such error will not be considered as a reasonable ground for delaying the payment of benefits, and it will not relieve the insurer of the payment of penalties and attorney's fees. Albert v. Cuna Mutual Insurance Society, 255 So.2d 170 (La.App. 3rd Cir.1971), and cases therein cited.
Although we and the trial court are not in accord with the appellant's defense, it is not unreasonable, particularly in light of the fact that the plaintiff admitted judicially that his son operated the automobile without his permission, implying that he had not intended the son to be covered by the policy.
As there is nothing in the record to indicate that the insurer acted in bad faith in denying coverage, we hold that the trial court was in error in awarding penalties and attorney's fees under La.R.S. 22:658 and reverse.
General Damages Award
Having held that the appellant did not act in bad faith, we find that the general damages award under La.C.C. art. 1997[4] was made in error and reverse.
To summarize, we affirm the decision insofar as it finds the defendant, Old Hickory Casualty Insurance Company, liable to the plaintiff, Keith Gardiner, in the amount of $7,865 for the loss of the automobile, plus legal interest from date of judicial demand until paid, with salvage rights to the vehicle to Old Hickory Casualty Insurance Company; we reverse and deny the award of $1,500 in attorney's fees and statutory penalties of 10% of the amount not paid, under La.R.S. 22:658; and we reverse and deny the award of $1,000 in general damages. In all other respects the judgment appealed from is affirmed.
AFFIRMED IN PART, REVERSED IN PART.
NOTES
[1] Acts 1977, No. 312.
[2] Acts 1979, No. 368.
[3] La.R.S. 22:658 reads as follows in pertinent part:

A. All insurers issuing any type of contract, other than those specified in R.S. 22:656 and R.S. 22:657, shall pay the amount of any claim due any insured, including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950, within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest.
B.(1) Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of ten percent damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, ten percent of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney fees for the prosecution and collection of such amount.
. . . . .
(3) Any insurer violating this Subsection shall pay the insured or claimant a penalty of two hundred dollars or fifteen percent of the face amount of the check or draft, whichever is greater.
[4] An obligor in bad faith is liable for all the damages, foreseeable or not, that are a direct consequence of his failure to perform.