WATKINS, Judge.
The trial court awarded plaintiff, Albert E. Ford, Jr., judgment against defendant, HAAB Security Life Insurance Company (HAAB), for monthly payments under a disability insurance policy from May 1, 1986, to February 1, 1989. The award was made for a period of disability resulting from a “second injury.” Claiming, inter alia, that the trial court erred in finding that the disability covered by the policy commenced in 1986, the insurer appealed. Additionally, the court found for a fact that when the plaintiff applied for and purchased the disability insurance, he had a pre-existing condition (from a “first injury”) which, pursuant to an exclusion in the policy, barred recovery for disability stemming from the pre-existing condition. The plaintiff answered the appeal, claiming that the court erred in denying his demand for penalties and attorney’s fees. Finding no error on the part of the trial court, we affirm.
FACTS
On November 8, 1984, Mr. Ford injured his back in an accident that occurred during the course and scope of his employment as a tool pusher for Justiss Oil Company. He was treated for a back injury, and he ultimately had surgery for a ruptured disc on June 6, 1985. He received post-surgery treatment until he was released to return to light duty work during October of 1985.
When he was released, Mr. Ford went to work for J.V. Trucking as a driver of a pulp wood truck. While so employed, he was involved in a vehicular accident. Although he claimed he was uninjured in the vehicular accident, he later sought further medical treatment for his back. Additionally, accord *731 ing to the plaintiffs own testimony, his back was re-injured while he was receiving physical therapy. He also claimed to have been injured when hit in the back by a 13-year-old girl. Eventually, during May of 1986, Mr. Ford had more back surgery.
Meanwhile, on January 15, 1985, Mr. Ford went to Hanna-Abbington Ford Motor Sales in Alexandria, Louisiana, and bought a truck which was partially financed by Ford Motor Credit Corporation. He also purchased a group credit life insurance policy with a disability rider through HAAB, an insurance company owned by the automobile dealership. HAAB’s credit insurance operation was managed by Savings Life Insurance Company of Louisiana (Savings).
To purchase the insurance, Mr. Ford signed a CDC-HAAB-1281 form in triplicate. He did not answer the questions on the front of the form found under a section labeled “Health Statement,” although one of the questions requested information on preexisting “back or spinal trouble.” The back of the customer’s copy contained the following exclusionary language:
7. The Insurance afforded by this Certificate does not cover any disability caused by or resulting from: ... F. Illness, disease or physical condition contracted or commencing prior to the effective date of the Policy, and this Certificate issued thereunder, and for which medical diagnosis or treatment was required, or would have caused a reasonably prudent person to have sought medical diagnosis or treatment within the six months preceding the effective date of the Debtor’s Certificate and which caused a period of continuous total disability as defined herein within six months following the effective date of the Insured Debtor’s Certificate....
The plaintiff did not deny at trial that he received the customer’s copy, which would have had the exclusions on the back, but merely stated that he let all of the truck’s papers go when the truck was repossessed. (The remaining two copies of the form, which are retained by the dealer, are blank on the back, because the dealer has access to the exclusionary language in the “master” policy.)
MANIFEST ERROR
On appeal HAAB argues that the trial court committed manifest error in finding that plaintiffs disability commenced in May of 1986 and was not part of the “process” which began in November of 1984, prior to the effective date of the policy. A correlative argument is that the trial court erred in determining that plaintiff carried his burden of proving that his disability was caused by an event that post-dated the effective date of the policy.
A major thrust of appellant’s argument is that the plaintiff himself kept referring to his disability as occurring in November of 1984. Our review of the record reveals that plaintiff, an uneducated man, often confused the term “disability” with the payments of worker’s compensation benefits he was receiving from his employer. Suffice it to say that the ultimate fact of disability as defined in the insurance policy is for the factfinder; it is the province of the trial court to evaluate a witness’s credibility. As an appellate court we cannot accord Mr. Ford’s imprecise remarks additional weight to make them tantamount to admissions.
The record contains several references from which the existence of a second injury can be inferred. The plaintiff testified that he was injured when he was hit in the back by a 13-year-old girl. The plaintiff also testified that an injury occurred while he was undergoing physical therapy. Finally, plaintiff was involved in a truck accident. The three events support the testimony of the surgeon who performed the second surgery in May of 1986, that the need for the surgery was caused by an injury to the patient subsequent to the date of the first surgery.
In light of the conflicting testimony concerning one or two injuries, we are unable to disturb the factual findings of the trial court. Under the jurisprudence, we cannot focus exclusively on the plaintiffs unartful phraseology and fail to consider all of the evidence in the record. See Housley v. Cerise, 579 So.2d 973 (La.1991). Where there are two permissible views of the evidence, the factfinder’s choice between them cannot *732 be manifestly erroneous or clearly wrong. Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, (La.1990).
Finally, appellant urges that the trial court’s judgment was an award for a claim that the plaintiff did not make. HAAB points out that in his petition Mr. Ford claimed only disability payments under the policy “beginning not later than June 6, 1985” (the date of the first surgery). Therefore, according to the appellant’s argument, the trial court erred in awarding the plaintiff disability payments beginning May 1, 1986.
We cannot agree with appellant’s reasoning. If a plaintiff states a claim that puts his entitlement to recovery at issue when the defendant denies the claim, the trial court can make an award which is reasonably within the trial court’s discretion. See LSA-C.C. art. 2324.1. For example, if a plaintiff has prayed for the recovery of attorney’s fees as provided for in a promissory note at the rate of 25% of the principal and interest, the court is neither bound to award the amount prayed for, nor required to deny attorney fees entirely. The court can award attorney’s fees in an amount commensurate with the work effort of the attorney in procuring judgment. See Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983).
Likewise, the trial judge in the instant case could award the disability payments he determined were supported by the evidence; the trial judge was not limited by the pleadings as appellant suggests. Indeed, plaintiff made a claim not only for disability payments under the contract, but also for other damages in the amount of $15,000. In light of the evidence that plaintiff lost his vehicle in a repossession suit and was cast in judgment for the deficiency, damages in addition to the disability payments awarded might be appropriate. However, because Mr. Ford did not assert such an error in his answer to the appeal, we cannot add damages to the award that was made pursuant to the trial court’s discretion.
ANSWER TO APPEAL
In his answer to the appeal plaintiff seeks only to amend the judgment in his favor to include “penalties, interest and attorney’s fees.” Consequently, we cannot address the arguments made in appellee’s brief that the lower court was wrong in finding that plaintiff had a pre-existing ruptured disc; wrong in finding that an exclusion to coverage of the policy was contained on the reverse side of the certificate[1] of insurance; and wrong in finding that the contract of insurance limited recovery from May 1, 1986, through February 1, 1989.
Turning to plaintiffs demand for penalties and attorney’s fees pursuant to LSA-R.S. 22:657, we find that plaintiffs demand is without merit. Penalties and attorney’s fees are due when an insurer has failed to pay benefits every thirty days for a disability covered by the policy and the failure to pay is without reasonable grounds. An insurer’s failure to pay can be based on reasonable grounds despite the fact that the insurer does not meet its burden of proving that the insured’s symptoms predated the policy’s effective date so as to fall within the exclusion for pre-existing illness. McCord v. Time Ins. Co., 521 So.2d 558 (La.App. 1st Cir.1988). When the insurer investigates a claim, as in the instant ease, and the fruits of its investigation suggest a reasonable defense, the insurer cannot be penalized for *733 exerting that defense. Accordingly, we affirm the trial court’s denial of plaintiffs claim for penalties and attorney’s fees.
We cast the defendant-appellant for all costs of this appeal.
AFFIRMED.

. In urging that the lower court was wrong in finding that the certificate given to the plaintiff contained an exclusion on its reverse side, plaintiff relies on the case of Smith v. North American Co., 306 So.2d 751 (La. 1975). The court held that the certificate of insurance issued and delivered to the insured is the “policy” as that word is used in the pertinent statutes, and the requirement that a policy be delivered to the insured is not satisfied by any clause or provision on the base policy which is not delivered to the insured. However, the Louisiana Supreme Court overruled Smith and held that failure to attach the application to the policy when issued and delivered does not affect the insurer's right to defend on the basis that, by the terms of the policy, coverage is excluded. Estate of Borer v. Louisiana Health Service & Indemnity Co., 398 So.2d 1124 (La. 1981). In a pre-existing condition defense, such as in Borer and in the instant case, as contrasted with a misrepresentation defense, the availability of the defense is not dependent upon statements made by the insured in the application. The question is whether the policy excludes coverage for preexisting conditions. Id.