[iPER CURIAM.
Writ granted. In this workers compensation case, the trial court found the plaintiff was entitled to temporary total disability benefits as a result of his April, 1982 knee injury suffered during the course and scope of his employment. The court of appeal reversed this factual finding but held the plaintiff was entitled to supplemental earnings benefits. 93-738 (La.App. 3 Cir. 2/2/94), 631 So.2d 572. This court granted a writ, vacating the court of appeal judgment and remanding for its consideration of the plaintiffs disability based on the law in effect at the time of the accident rather than the law in effect at the time the injury developed. 94-0875 (La. 7/1/94), 639 So.2d 1180.
On remand, the court of appeal again found the plaintiff was not entitled to temporary total disability benefits but only to supplemental earnings benefits. The court of appeal recognized that under the law in effect at the time of the accident, a claimant could recover temporary total disability benefits despite working if his injuries were such that performance of important functions of his old trade involved substantial pain and suffering. The court of appeal found residual pain from his injuries may have prevented the plaintiff from performing his work duties to the fullest extent of his capabilities. However, the plaintiff was able to perform his labor-intensive duties continuously without having such substantial pain as to be rendered “disabled” for purposes of temporary total disability. 93-738 (La.App. 3 Cir., 2/15/95), 650 So .2d 456.
As stated by Judge Saunders’ dissent, joined by Judge Knoll, whether pain is substantial enough to be disabling is an issue to _]jjbe decided by the trier of fact on the basis of the preponderance of the medical and lay evidence. Lucas v. Ins. Co. of North America, 342 So.2d 591 (La.1977); Williams v. Hudson East, 261 La. 959, 261 So.2d 629 (1972). The trial court specifically found the plaintiff had been working in substantial pain. “A court of appeal may not set aside a trial court’s finding of fact in the absence of ‘manifest error’ or unless [the finding] is ‘clearly wrong’.” Stobart v. State Through DOTD, 617 So.2d 880, 882 (La.1993). A reviewing court must do more than simply review the record for some evidence which supports or controverts the trial court’s finding but must review the entire record to determine whether the trial court’s finding was clearly wrong or manifestly erroneous. The issue is not “whether the trier of fact was right or wrong, but whether the factfin-der’s conclusion was a reasonable one.” Id. Reviewing the trial court’s reasons for judgment and the court of appeal opinion, it is apparent that the trial court’s conclusion, based principally on a credibility call, was reasonable. The court of appeal erred in substituting its judgment.
The judgment of the court of appeal is reversed; the judgment of the trial court is reinstated.
MARCUS, J. not on panel.
LEMMON, KIMBALL and VICTORY, JJ., would grant and docket.