I2CANNELLA, Judge.
This appeal arises from an automobile accident suit for damages filed by plaintiffs, David A. Bieser (Bieser) and Storage Equipment, Inc. (Storage), against American Deposit Insurance Company (American), First National Insurance Company of America (First National) and Avery V. Jenkins (Jenkins), defendants. Plaintiffs allege that Evelyn Jenkins, the owner of the vehicle driven by Jenkins, struck the vehicle driven by Bieser and owned by Storage and that she had in effect an automobile liability policy issued by American. First National was sued as Bieser’s uninsured/underinsured (UM) carrier. American contends that there is no coverage because of misrepresentations on the insurance application made by Evelyn Jenkins. The trial judge rendered judgment in favor of Bieser and against American and Jenkins, in solido, in the amount of $25,000, in favor of Bieser and against First National and Jenkins in solido in the additional amount of $10,000, and in favor of Storage and against American and Jenkins, in solido, injjthe amount of $2,615.60, including costs, interest and expert fees. Jenkins’ liability was undisputed. The sole issue on appeal is whether there was insurance coverage under the American policy. The trial judge found coverage. American has appealed. Bieser and Storage have filed a cross appeal. We affirm.
On appeal American specifies the following error:
The trial court erred in finding coverage under the American policy, where the surrounding circumstances indicated that Mrs. Evelyn Jenkins made several material misrepresentations on the application, in order to avoid listing her husband as a driver on the policy, even though she knew at the very least, that Mr. Jenkins was a regular driver of the vehicle, and a resident of her household in New Orleans, and where her testimony under oath at her deposition differed significantly from her trial testimony.
Bieser and Storage filed a cross appeal, in the event that this court finds that there is no coverage, specifying the following:
In the event this court finds no coverage on the part of the liability insurer, American, then the judgment of the trial court must be amended to increase the judgment in favor of plaintiff Bieser against his uninsured motorist carrier, First National for its full limits of $30,000.
The following was stipulated at trial. American’s policy was a “25, 50, 25 policy.” First National was the UM carrier with limits of $30,000 for bodily injury. The American policy was in effect on the date of the accident, but there was no stipulation as to coverage. American stipulated that the policy was issued in the name of Evelyn Jenkins on the 1987 BMW automobile which Jenkins was driving at the time of the accident.
Evelyn Jenkins applied for insurance with American on January 29,1993. The accident occurred on February 10, 1993. She listed only herself as the driver of the car and represented to the agent that she and her *1160 husband, Jenkins, were separated. Jenkins had been listed a few weeks earlier on her application for | insurance with State Farm. An attempt was made to introduce a letter from State Farm rejecting coverage. However, Evelyn Jenkins denied receiving notice of rejection and the letter was not introduced into evidence. She also denied contacting State Farm to determine the status of her application. She testified that her husband had prior speeding tickets and that, if she had listed him as a driver, her premium with American would probably have been higher.
Evelyn Jenkins contends that she gave accurate information to the American agent since she and her husband were separated at the time. American asserts that she misrepresented her status.
Both Jenkins and Evelyn Jenkins were questioned regarding whether they were judicially or legally separated. At the time of their 1993 separation there had been a codal revision eliminating a legal or judicial separation as a basis for divorce. La.Civ.Code Art. 101 (Acts 1990, No. 1009, § 1, effective January 1,1991).
ATTACHMENT OF POLICY
In their cross appeal, Bieser and Storage argue that American was precluded from asserting the defense of misrepresentation since the testimony established that the application for insurance was not “attached to or otherwise made a part of the policy ... when issued and delivered.” La.R.S. 22:618 A described infra.
On cross examination Evelyn Jenkins was shown the application for insurance. Prior to trial First National filed a motion in limine to exclude her insurance application with American as well as to preclude American from raising the issue of lack of coverage based on material misrepresentation. First National argued the motion based on Evelyn Jenkins not personally completing her application since it was taken over the telephone. She later initialed the ^application but never received a copy. First National argued that the application was not made a part of the policy as required by La.R.S. 22:618 A. It provides:
No application for life or health and accident insurance shall be admissible in evidence in any action relative to the policy or contract, unless a correct copy of the application was attached to or otherwise made a part of the policy, or contract, when issued and delivered. This provision shall not apply to policies or contracts of industrial insurance subject to R.S. 22:213(A)(1) and 269(2).
We have held that La.R.S. 22:618 A requires the exclusion of an application for automobile liability and collision insurance in a ease where the insurer did not attach or include the application with the policy when it was delivered. Gardiner v. Old Hickory Casualty Insurance Company, 529 So.2d 1324 (La.App. 5th Cir.1988).
American argued at trial that all that it required to introduce the document was Evelyn Jenkins’ identification of her signature, which she did. The trial judge allowed the document to be provisionally introduced, but stated that she would allow counsel to brief the issue and then would consider it. Counsel for Jenkins stated that he concurred in the objection to the admissibility of the application. Neither counsel for Jenkins nor First National objected to the questioning of Evelyn Jenkins by American’s counsel regarding the information that she gave on the application. Thus, she testified to the contents of the application without objection.
Additionally, both counsel for First National and Jenkins questioned Evelyn Jenkins about the content of the application. Counsel for Jenkins asked her whether she used the term “regular driver” to describe herself as the only “regular driver” on the application or whether the agent used that term. She replied that the agent used the term. Counsel for First National questioned Evelyn Jenkins in more detail about the contents of her application.
|6We conclude that the objection to the admissibility of the application or to any evidence as to misrepresentation has been waived. Taylor v. Interstate Life and Accident Insurance Company, 169 So.2d 249 (La. App. 1st Cir.1964). In Taylor at 252 the court explained:
*1161 In the present case plaintiff opened wide the door as to the application and its contents and the defendant had a right to cross examine this witness with regard to the application and to offer it in evidence under its defense of limited liability ...
In closing argument, counsel for Jenkins reargued the motion in limine to exclude the application from evidence and asked the trial judge to make a ruling. At the close of trial, the trial judge ruled that the application was not attached to the issued policy and Evelyn Jenkins never received a copy of the application although she did receive the policy. However, any objection to the admission of the application had been waived. Taylor, supra. We agree.
MISREPRESENTATION
La.R.S. 22:619 provides:
A. Except as provided in Subsection B of this Section and R.S. 22:692, and R.S. 22:692.1 [fire insurance], no oral or written misrepresentation or warranty made in the negotiation of an insurance contract, by the insured or in his behalf, shall be deemed material or defeat or void the contract or prevent it attaching, unless the misrepresentation or warranty is made with the intent to deceive.
B. In any application for life or health and accident insurance made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer.
|7The test under La.R.S. 22:619 B was explained in Irving v. United States Fidelity & Guaranty Company, 606 So.2d 1365,1368-1369 (La.App. 2d Cir.1992):
Although R.S. 22:619 seems to provide that an insured’s false statement bars recovery if it is made with intent to deceive or if it materially affects the insurer’s risk, jurisprudence requires that the insurer prove both factors. See, e.g., Morgan v. Golden Rule Ins. Co., 568 So.2d 184 (La. App. 2d Cir.1990); Swain v. Life Ins. Co., 537 So.2d 1297 (La.App. 2d Cir.), writ denied, 541 So.2d 895 (1989); Jamshidi v. Shelter Mut. Ins. Co., 471 So.2d 1141 (La. App. 3d Cir.1985).
The only witnesses to testify about the separation were Jenkins and Evelyn Jenkins. Jenkins said that from December 1992 to October 1993 he was in the Navy, stationed in Pensacola, Florida and the family home was in New Orleans, Louisiana. In December 1992 his wife had a miscarriage. In January, but before January 29, 1993, they separated because he could not spend time with her because he was in the Navy. He left to go back to Pensacola after the disagreement. He testified that he did not think his wife was residing at the New Orleans address during the week of the accident, when he came into town. He also testified that he and his wife did not again reside together before the date of the accident on February 10,1993.
Evelyn Jenkins was deposed twice before trial. In both depositions she testified that she and her husband were living together on the date of the accident. At trial she stated that they were not living together on that date.
The trial judge ruled on the alleged misrepresentation, finding that at the time of the application the Jenkinses were separated. She found no intent to deceive and no false statement. She found that Evelyn Jenkins’ testimony was credible. Her credibility determination is supported by the Jenkins’ un-contradicted testimony they were separated at the time Evelyn Jenkins applied for insurance with American. In Davis v. United General Ins. Co., 95-0608 (La. |85/5/95), 654 So.2d 317 at 318 the court explained (following Stobart v. State Through DOTD, 617 So.2d 880, 882 (La.1993):
A reviewing court must do more than simply review the record for some evidence which supports or controverts the trial court’s finding but must review the entire record to determine whether the trial court’s finding was clearly wrong or manifestly erroneous. The issue is not “whether the trier of fact was right or wrong, but *1162 whether the factfinder’s conclusion was a reasonable one.” [citing Stobart ] Reviewing the trial court’s reasons for judgment and the court of appeal opinion, it is apparent that the trial court’s conclusion, based principally on a credibility call, was reasonable. The court of appeal erred in substituting its judgment.
Similarly, in the present case, the credibility determination of the trial judge was reasonable.
American argues that Evelyn Jenkins’ testimony at trial was inconsistent with her prior depositions. Evelyn Jenkins stated that she was more “emotionally stable” at trial than at the time of the two depositions. The trial judge determined that she satisfactorily explained the discrepancies.
The discrepancies in the depositions relate to questions regarding the parties’ marital status at the time of the accident. However, the critical question was whether Evelyn Jenkins misrepresented her marital status at the time of the application. The Jenkinses’ testimony was consistent as to their status at the time of the application. Thus, the trial judge found there had been no misrepresentation when Evelyn Jenkins applied for insurance. We agree.
Accordingly, the judgment of the trial court is affirmed at American’s costs.

AFFIRMED.