| iNORRIS, Judge,
dissenting.
I respectfully dissent. The insurance code, La. R.S. 22:618 A, provides that no application for life or health and accident insurance shall be admissible in evidence in any action relative to the policy or contract unless a correct copy of the application was attached to or otherwise made a part of the policy or contract when issued or delivered. The instant application/enrollment form was not made part of, or attached to, the policy when delivered to the decedent. The District Court nevertheless admitted the application/enrollment form, over the plaintiffs objection.
The instant suit is any action relative to the policy; without question no correct copy of the application was attached to or made part of the policy when issued or delivered. In my view, this ease demands a simple application of the statute, which is strictly construed. See Irving v. USF & G, 606 So.2d 1365,1367 (La.App. 2d Cir.1992). The majority’s historical digression is interesting *56 but overlooks the principle that when a law is clear and unambiguous and its application leads to no absurd consequences, the law “shall be applied as written and no further interpretation may be made in search of the intent of the legislature.” La. C.C. art. 9. The result of such analysis is to disregard the letter of the law under the pretext of divining its spirit. La. R.S. 1:4; C.C.P. art. 5052.
Moreover, it is incorrect to rely on the business records exception to the hearsay rule to admit this enrollment/application form. La. C.Ev. art. 803(6) is general and would apply to virtually any document in an insurance company’s files; by contrast, R.S. 22:618 A applies specifically to a policy without a correct copy of the application attached. The specific statute directed to the matter at issue must prevail as an exception to the general statute. Horil v. Scheinhorn, 95-0967 (La.11/27/95), 663 So.2d 697; Smith v. Cajun Insulation Inc., 392 So.2d 398 (La.1980).
|¾1 would reverse the District Court’s judgment, sustain the plaintiffs hearsay objection, and render judgment ordering Veterans to pay the proceeds to the estate of Robert E. Suluki, the beneficiary named on the policy-