747 So.2d 708 (1999)
LOUISIANA HEALTH SERVICES AND INDEMNITY COMPANY, D/B/A Blue Cross/Blue Shield of Louisiana, Plaintiff-Appellant,
v.
BROWN BUILDERS, INC. and Brown Paving, Inc., Defendants-Appellees.
No. 32,575-CA.
Court of Appeal of Louisiana, Second Circuit.
December 8, 1999.
*709 Sharp, Henry, Cerniglia, Colvin & Weaver by James H. Colvin, Patrick E. Henry, Homer, Counsel for Appellant.
Cook, Yancey, King & Galloway by Jerald R. Harper, Nicole Montagnet Smith, Shreveport, Counsel for Appellees.
Before NORRIS, WILLIAMS, KOSTELKA, JJ.
KOSTELKA, J.
In this breach of contract suit, the insurance company contends that its insured made misrepresentations in its application for group health insurance coverage and seeks recovery of funds erroneously paid on behalf of certain group members. Finding that the application for insurance could not be admitted into evidence, per La. R.S. 22:618(A), the trial court granted summary judgment in favor of the insured. We affirm.

Facts and Procedural History
In January 1991, Brown Builders, Inc. sought health insurance coverage for its employees as well as the employees of Brown Paving, Inc. (collectively "Brown"). Through its insurance agent, Brown submitted an application to Louisiana Health Services and Indemnity Company, d/b/a Blue Cross/Blue Shield of Louisiana ("Blue Cross"). After the application had been submitted to and approved by the insurer's underwriting department, Blue Cross issued a group health insurance policy, entitled "Preferred Provider Health Plan Comprehensive Major Medical Contract," to Brown with an effective date of February 5, 1991.
The policy contained a schedule of benefits completed and prepared by Blue Cross including some of the information provided in the application. However, the application itself was not attached to the policy. Each year on the policy's anniversary date, the contract was subject to review. Whenever Brown requested a change in coverage, Blue Cross issued a new schedule of benefits.
In 1995, Blue Cross received information which prompted it to examine whether a certain member of the Brown group actually qualified for coverage under the group policy. After the ensuing audit, Blue Cross discovered that, in fact, three members of the Brown group were not full-time employees (working thirty or more hours per week) of either Brown Builders, Inc. or Brown Paving, Inc. as had been certified on the application. Accordingly, on April 28, 1997, Blue Cross filed suit against Brown claiming that "[b]ased upon the Defendants' misrepresentations in the application process, as well as its contractual obligation to supply accurate employment information, Blue Cross/Blue Shield erroneously paid health benefits...." Blue Cross sought a judgment for $219,169.63 representing that amount paid on behalf of individuals who allegedly should not have been part of the Brown group.
Brown responded with a motion for summary judgment, contending that since Blue Cross had not attached a copy of the application to the policy upon delivery, the application would be inadmissible at trial per La. R.S. 22:618(A). Furthermore, Brown argued, without the excluded application, Blue Cross would be unable to prove its breach of contract claim. The trial court agreed and granted summary judgment in favor of Brown. This appeal ensued.

Discussion
A motion for summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if *710 any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. Moreover, through a 1997 amendment to Article 966, the jurisprudential presumption against granting summary judgment has been eliminated. See Acts 1997, No. 483. Instead, the enacted changes have leveled the playing field for the litigants. Documentation submitted by the parties will now be scrutinized equally and the earlier overriding presumption in favor of trial on the merits has been removed. Koeppen v. Raz, 29,880 (La.App.2d Cir.10/29/97), 702 So.2d 337; Gardner v. LSU-MC, 29,946 (La. App.2d Cir.10/29/97), 702 So.2d 53. Indeed, the summary judgment procedure is now favored to secure the just, speedy, and inexpensive determinations of all except certain disallowed actions. La. C.C.P. art. 966A(2).
Under the current summary judgment approach, if the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, there is no genuine issue of material fact and summary judgment will be granted. And, as consistently noted in La. C.C.P. art. 967, the opposing party cannot rest on the mere allegations or denials of his pleadings, but must present evidence which will establish that material facts are still at issue. Koeppen, supra; Gardner, supra. An appellate court reviews summary judgment de novo under the same criteria that govern a trial court's considerations regarding the appropriateness of summary judgment. Id.
Near the bottom/signature area of the 1991 application for health insurance coverage Blue Cross listed several standard statements, one of which affirmed that the employees seeking membership in the group were all full-time employees, i.e., they worked at least thirty hours per week. The president of Brown Builders, Inc. signed this certification as to the twenty-four employees seeking enrollment. This same language was repeated in the schedules of benefits issued in 1991, 1992, and 1993, but without the signed certification.[1] Neither do those schedules contain the information supplied by Brown in the application process regarding the total number of employees, the number of ineligible employees, and the number to be enrolled in the group health plan.[2]
The parties agree that the actual application for coverage was not attached or appended to the health insurance policy in any manner. Instead, at the time of delivery to the insured, only the schedule of benefits was included with the policy. There is no factual dispute in this regard. The dispute, rather, lies in the admissibility of the application as evidence of Brown's misrepresentations. As to the admissibility of applications for health insurance, La. R.S. 22:618(A) provides in pertinent part:
No application for life or health and accident insurance shall be admissible in evidence in any action relative to the policy or contract, unless a correct copy of the application is attached to or otherwise made a part of the policy, or contract, when issued and delivered.
Blue Cross contends that the incorporation of parts of the application into the schedule *711 of benefits satisfies the statutory requirement that the application "otherwise [be] made part of the policy." We disagree.
Granted, as noted by our supreme court in Spain v. Travelers Ins. Co., 332 So.2d 827 (La.1976), the legislature intended to allow for more than one means of making other instruments a part of an insurance policy. For example, an instrument may be attached by affixing a photocopy of it to the policy, or it may be imprinted upon the policy itself through typing, handwriting, or other methods. It should be clear, however, that the essence of the instrument has physically become a part of the insurance policy. Id. Although, in the instant matter, information from the application was used to generate the schedule of benefits, certain crucial pieces of information were excluded. We do not find that the essence of the application (as pertains to the eligibility of the enrollees) has become a part of the policy through the schedule of benefits.[3]
The jurisprudence interpreting La. R.S. 22:618 establishes that when, as here, a policy application has not been attached to or otherwise made a part of the policy when issued and delivered, the insurer is barred from using any evidence to establish material misrepresentation on the application. Irving v. USF & G Co., 606 So.2d 1365 (La.App. 2d Cir.1992); Mitchell v. State Farm, 473 So.2d 399 (La.App. 3d Cir.1985), writ denied, 477 So.2d 710 (La.1985); see also discussion in Borer's Estate v. Louisiana Health Service & Indemnity Co., 398 So.2d 1124 (La. 1981).
Accordingly, if this matter were to proceed to trial, Blue Cross would be barred from submitting, as evidence, either the application or any oral testimony in its effort to prove that Brown made material misrepresentations in the application process. Furthermore, we are not persuaded by Blue Cross's argument on appeal that it could carry its burden of proof by offering the unsigned schedules of benefits. Without the application to provide a factual basis, those forms contain, at best, only pre-printed, boilerplate statements made by the insurer regarding the number of hours which the Brown employees work. Nor do we find any policy provision defining full-time employee as one working thirty hours or more per week. Rather, the definitional provisions merely make reference to the inadmissible application for coverage.
Finally, we find no merit to Blue Cross's contention, at oral argument, that the policy imposes a continuing duty upon Brown to provide accurate employment information. The contract contains no such provision.

Conclusion
For the foregoing reasons, the judgment below is affirmed. Costs of the appeal are assessed to Blue Cross.
AFFIRMED.
NOTES
[1] The schedules of benefits for the years 1992 and 1993 were compiled from information submitted in applications for benefit change, which were not signed by any Brown representative and did not contain any information regarding the number of employees eligible, etc.
[2] An affidavit submitted by a Blue Cross representative affirmed that the group application would be the document which contains information concerning the employees' eligibility requirements.
[3] Of course, per Manuel v. Peoples Indus. Life Ins. Co., 189 So. 311 (La.App. 2d Cir.1939), those items from the application which do appear in the schedule of benefits have become a part of the policy. However, as stated above, those items do not include either a listing (numerical or by name) of the eligible employees or a signed certification regarding the number of hours those employees work.